**Lenore A. TATALOVICH,
Plaintiff–Appellant,**

*v.*

**The CITY OF SUPERIOR, a municipal corporation under the laws of the State of Wisconsin, and Employers Insurance of Wausau, a Mutual Company, Defendants–Appellees.**

**No. 89–1510.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 24, 1989.

Decided June 7, 1990.

---

James W. Balmer, Falsani, Balmer, Berglund & Merritt, Duluth, Minn., for plaintiff-appellant.

Timothy J. Yanacheck, Straub & Schuch, Madison, Wis., for defendants-appellees.

Before BAUER, Chief Judge, WOOD, Jr. and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

Plaintiff-appellant, Lenore Tatalovich appeals from the entry of summary judgment dismissing her negligence case brought against the City of Superior, Wisconsin and Employers Insurance of Wausau resulting from an automobile accident. We affirm.

## I.

On the first day of April in 1986, Lenore A. Tatalovich was injured as she was seated in a parked automobile on Main Street in the City of Superior, Wisconsin.[1] The parties to this suit agree that Main Street is no longer used for traffic and is best described as having been "terminated many years ago." When the accident occurred, there was no construction taking place on Main Street. At the time of Tatalovich's accident, in spite of the fact that Main Street had been "terminated" for traffic purposes, the City had placed neither traffic barricades nor "Road Closed" signs on the street. The parties agreed and the trial court found, for purposes of summary judgment that Tatalovich's automobile accident resulted from the absence of traffic control devices on Main Street.

On November 24, 1987, plaintiff Lenore A. Tatalovich, a citizen of the State of Minnesota, filed a complaint in the United States District Court for the Western District of Wisconsin, based upon diversity of citizenship, alleging that the injuries she suffered in the automobile accident resulted from the negligence of the City of Supe-

---

**1.** Because the parties created only a very limited record for purposes of their summary judgment motion, we decide this case based upon limited facts.

rior, Wisconsin in the design, construction and maintenance of Main Street.[2] Some four months thereafter, the district court issued an order and set a trial date as well as deadlines for the completion of particular pre-trial discovery and motion proceedings. Accompanying the court's order were two documents, one entitled "Procedures to be Followed on Motion for Summary Judgment, U.S. District Court, Western District of Wisconsin" and the other, "Helpful Hints for Submitting Proposed Findings of Fact." The court's order included a statement that: "If a motion for summary judgment is filed, the parties are to follow this court's Procedures for the Filing of Summary Judgment Motions, a copy of which is attached." As the trial court explained in its summary judgment decision: "These procedures require that the party opposing the [summary judgment] clearly identify which of the movant's proposed factual findings the opposing party contends raise a genuine issue and explicitly propose findings of fact not stated by the movant as to which the opposing party contends there is no genuine issue." *Tatalovich v. City of Superior,* No. 87–C–898–C, slip op. at 2 n. 1 (W.D. Wis. February 7, 1989). These procedures also mandate that the proposed findings of fact be supported with citations to the record. The Summary Judgment Procedures include a Section V that provides:

"NOTE PARTICULARLY:

V. In deciding the motion for summary judgment:

A. The court will conclude that there is no genuine issue as to any proposed finding of fact initially proposed by the movant, except to the extent an opposing party's response asserts that a genuine issue exists; and

B. The court will conclude there is no genuine issue as to any finding of fact initially proposed in a response, except to the extent that movant's rebuttal asserts a genuine issue exists.

C. As to any finding of fact, whether initially proposed by the movant or in a response, as to which it is asserted a genuine issue exists, the court will make a determination as to the existence or non-existence of such genuine issue.

D. The court is not required to give any weight to a piece of evidence unless it is set forth in the manner described.

E. The court does not consider it is under any obligation to search the record for factual matters that might support either the grant or the denial of the motion. It is the duty of the parties to bring to the court's attention by specific reference to the record … all factual and legal matters material to the resolution of the issues in dispute."

The "Helpful Hints for Submitting Proposed Findings of Fact" that the trial court attached likewise concluded with the following statement:

"The court is under no obligation to search the record for any facts not proposed and supported in the proposed findings of fact. Arguments that depend on facts that are not the subject of a proposed finding, requiring a search of the record, are unlikely to succeed. Arguments that depend on facts not in the record are even less likely to succeed."

The court denied the City of Superior's motion for summary judgment. Following a later telephonic scheduling conference between the parties the trial judge set a new scheduling order. That order also included the document entitled "Procedure to be Followed on Motions for Summary Judgment," that had accompanied the court's previous scheduling order.

The City of Superior again moved for summary judgment, alleging the City was immune from liability under Wisconsin law on the ground that the placement of traffic

---

2. Originally Lenore Tatalovich's husband, Rodney N. Tatalovich, also a citizen of Minnesota, was a plaintiff in this action. Rodney's claim was for loss of consortium as a result of the accident. In an amended complaint filed on January 12, 1989, Rodney Tatalovich was re-

moved as a plaintiff and his loss of consortium claim was excised from the complaint. Also as part of the Amended Complaint, Employers Insurance of Wausau was "added as a defendant by reason of its status as a liability insurer for the City of Superior."

control devices is a "legislative or quasi-legislative" act subject to immunity from suit under Wis.Stat. § 893.80(4). The City attached to its motion for summary judgment the proposed findings of fact required under the trial court's summary judgment procedures. Tatalovich's response to this second summary judgment motion can best be described as failing to comply with the court's summary judgment procedure as the response failed to include the required proposed findings of fact. Furthermore, the statement of facts found in Tatalovich's responsive brief failed to cite the sections of the record in support of its factual assertions. Tatalovich's brief responding to the summary judgment motion did include an answer to the City's interrogatory stating that barricades had been erected on Main Street after the date of Tatalovich's accident.[3] Tatalovich also attached to her response an affidavit of one Donald J. Anderson, a licensed professional engineer. Anderson opined that the *Manual on Uniform Traffic Control Devices*, governs "[t]he design, installation and operation or use of new traffic control devices placed and maintained by [Wisconsin] local authorities."[4] Thus, Anderson stated the City was required to place "a Type III barricade across Main Street east of the location of the collision." Anderson's affidavit further recited that "[a] reasonable and prudent municipality exercising due care in the circumstance of the case at hand would have placed barricades across Main Street consistent with the abandonment of its several thousand feet immediately west of the last residence—precluding access to the actual point of collision, the collision itself, and injuries sustained by Plaintiff, Lenore Tatalovich." The affidavit went on to note that: "Reasonable men could not differ on the propriety of placing a barricade on this road so as to have prevented this collision and the failure to do so is a failure of reasonable men to act out [sic] due care under the circumstances."

The district court granted the City's motion for summary judgment. Initially, the court refused to consider either the evidence that a barricade had subsequently been erected on Main Street or Tatalovich's affidavit of Donald Anderson included in her summary judgment response. The trial judge refused to consider these submissions, reasoning that the plaintiff had failed to include proposed findings of fact pursuant to the court's summary judgment procedures. The judge also concluded that Tatalovich's proffered evidence raised no issue of fact because it failed to demonstrate "that defendant agrees with the legal proposition that the [Manual on Uniform Traffic Control Devices] determines how to make"[5] the decision concerning the erection of traffic control devices and further concluded that this evidence was "not material to the legal question [of] whether the Manual dictates the decision to erect traffic control devices in the factual situation before the court."[6] The trial court's reasoning on the merits of the question of whether the City's decisions dealing with the erection of signs and barricades were subject to statutory immunity under Wis. Stat. § 893.80(4) came to the conclusion that the *Manual of Uniform Traffic Control Devices*, that governs a municipality's decisions concerning the "design, installation, operation or use of new traffic control devices,"[7] required barricades to be erected only on those streets where construction projects were ongoing and that there were no construction projects on Main Street. *City of Superior v. Tatalovich*, No. 87–C–898–C, slip op. at 6–7 (W.D.Wis. February 7, 1989). Furthermore, the trial court

---

**3.** That interrogatory answer also noted the City's objection to answering the interrogatory on the ground that it called for evidence of subsequent remedial actions, inadmissible to demonstrate negligence under Rule 407 of the Federal Rules of Evidence.

**4.** Wis.Stat. § 349.065. The United States Department of Transportation, Federal Highway Administration, publishes the *Manual on Uniform Traffic Control Devices*. *See Tatalovich v.*

*City of Superior*, No. 87–C–898–C, slip op. at 4 n. 2 (W.D.Wis. February 7, 1989).

**5.** *Tatalovich v. City of Superior*, No. 87–C–898–C, slip op. at 4 n. 3 (W.D.Wis. February 7, 1989).

**6.** *Id.*

**7.** Wis.Stat. § 349.065.

ruled that the *Manual* did not provide any mandatory requirements concerning the placement of warning signs on a permanently closed road. *Id.* at 7–8. The judge also rejected the claim that there existed "dangerous circumstances within the knowledge of the defendant [that] may give rise to a clear and absolute duty to take remedial action, regardless of statutory or regulatory requirement," because the "plaintiffs have come forward with no evidence showing that Main Street presented a grave and hidden danger of which defendants had knowledge...." *Id.*

## II.

■ Tatalovich alleges that the trial court violated Rule 56 of the Federal Rules of Civil Procedure in disregarding materials she submitted in opposition to the Motion for Summary Judgment, in particular, the Affidavit and Supplemental Affidavit of her engineering expert, Donald J. Anderson. This decision was based, in part, upon the Western District of Wisconsin local rules entitled "Procedure to be Followed on Motions for Summary Judgment," that require a party responding to a motion for summary judgment to furnish proposed findings of fact.[8]

We have recently rejected the argument that local rules establishing procedures for the orderly conduct of summary judgment proceedings violate Rule 56 of the Federal Rules of Civil Procedure. In *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir.1989), the plaintiff challenged a local rule of the Northern District of Illinois applicable to summary judgment motions that provided that "[a]ll material facts set forth in the statement ... served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *Herman*, 870 F.2d at 404 (quoting Local Rule 12(f) of the United States District Court for the Northern District of Illinois). We observed:

"[Plaintiff's attorney] insists on appeal that Local Rule 12(f) is 'inconsistent with the federal rules' because, '[c]ontrary to well settled law, the district court did not comb the record' to check the City's assertions. Per contra, the law is 'well settled' that a court has no such obligation.

Once a party files a motion for summary judgment showing within its four corners entitlement to prevail, judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial.' *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). A district court need not scour the record to make the case of party who does nothing. Indeed, under the rules of the Northern District of Illinois, deposition and other materials are not in the record until introduced by a party. The materials [plaintiff's attorney] now says the district court should have hunted up were not in the record then and are not there now. A lawyer has an ethical obligation, enforceable under Rule 11, not to seek summary judgment if the facts show that his client is not entitled to that relief, but courts will not discover that the movant slighted contrary information if opposing lawyers sit on their haunches; judges may let the adversary system take its course.

The record before the district court was the record the City made. The City's assertions of fact were properly deemed admitted under Local Rule 12(f). Far from being inconsistent with first principles of justice, as [plaintiff's attorney] would have it, Rule 12(f) contributes to the orderly conduct of litigation. It gives counsel an incentive to respond to motions, and [plaintiff's attorney] had ample time to respond to this one."

*Herman*, 870 F.2d at 404 (citations omitted).

---

8. As noted previously, the district court also supported its decision on the ground that the involved evidence was not material to the question of whether the *Manual on Uniform Traffic*

*Control Devices* and Wisconsin law establish a "ministerial" duty for the City to erect particular traffic control devices.

We hold that the trial court's application of its local procedural rules entitled "Procedure to be Followed on Motions for Summary Judgment," similar to the local rule at issue in *Herman*, aids the administration of justice and "contribute[s] to the orderly conduct of litigation," [9] through its requirement of a properly focused response to a motion for summary judgment. The court made a point of furnishing copies of these procedures to Tatalovich on two separate occasions during this litigation and Tatalovich received additional warning of these procedures through her receipt of the City of Superior's proposed findings of fact filed in conjunction with the City's two summary judgment motions. We are convinced, as we were in *Herman*, that it is foolhardy and improper for the attorneys for party litigants to completely ignore a court's local procedural rules that are designed to aid the administration of justice and the orderly conduct of summary judgment fact-finding and then to camouflage their poor judgment through appellate attacks on these rules as inconsistent with Rule 56 of the Federal Rules of Civil Procedure. Thus, we hold that the district court appropriately refused to consider the evidentiary materials, including the Affidavit and Supplemental Affidavit of Donald J. Anderson that Tatalovich amended to her response to the motion for summary judgment.

### III.

The district court granted summary judgment in favor of the City of Superior on the ground that the City enjoyed immunity under Wis.Stat. § 893.80(4) from lawsuits challenging its decision concerning whether to place a barricade or warning sign on Main Street.[10] Wis.Stat. § 893.80(4) "provides [governmental bodies] immunity for acts made pursuant to the 'exercise of legislative, quasi-legislative, judicial or quasi-judicial functions.'" *C.L. v. Olson*, 143 Wis.2d 701, 716 n. 9, 422 N.W.2d 614, 619 n. 9 (1988).[11] "The question of whether sec. 893.80(4), Stats., provides immunity to a government subdivision or its agents requires statutory interpretation." *Harmann v. Schulke*, 146 Wis.2d 848, 853, 432 N.W.2d 671, 673 (Ct. App.1988). "The test which has evolved for the determination of whether a duty is discretionary [i.e., legislative, quasi-legislative, judicial and quasi-judicial] or ministerial ... was described in *Lister [v. Board of Regents*, 72 Wis.2d 282, 301, 240 N.W.2d 610, 622 (1976)] as follows: 'a ... duty is ministerial only when it is absolute, certain and imperative, involving merely the performance of a specific task as the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion.'" *Olson*, 143 Wis.2d at 711–12, 422 N.W.2d at 617. As the Wisconsin Supreme Court stated in *Olson*:

"In sum, exception to the general rule of ... immunity exists where the ... duty is absolute, certain and imperative, involving merely the performance of a specific task and (1) the law imposes, prescribes and defines, the time, mode and

---

9. *Herman*, 870 F.2d at 404.

10. Neither party litigant contends that the law of a state other than Wisconsin should apply in this case. "When (as here) the parties do not say that the forum state's conflict-of-laws rules require the application of another state's substantive law, this means we must apply the forum state's substantive law." *In the Matter of Iowa Railroad*, 840 F.2d 535, 543 (7th Cir.1988). Thus, we will apply Wisconsin law in this proceeding.

11. The Wisconsin Supreme Court's decision in *Olson* notes that the analysis applicable to ascertaining a Wisconsin governmental body's statutory immunity under Wis.Stat. § 893.80(4) is "essentially equivalent" to that conducted in

Wisconsin courts under common law standards to determine whether a public officer's actions are "ministerial" and, thus, subject to liability or "discretionary," thereby enjoying immunity. *Olson*, 143 Wis.2d at 716 n. 9, 422 N.W.2d at 619 n. 9. "As applied, the terms 'quasi-judicial or quasi-legislative' and 'discretionary' are synonymous and the two tests result in the same finding." *Lifer v. Raymond*, 80 Wis.2d 503, 512, 259 N.W.2d 537, 542 (1977). In light of the "essential equivalence" of the analyses applicable to a governmental body's immunity under Wis.Stat. § 893.80(4) and a public officer's common law immunity, our decision relies upon Wisconsin case law developed under both of these doctrines.

occasion for its performance with such certainty that nothing remains for the exercise of judgment or discretion, *see, e.g., Lister,* 72 Wis.2d at 300–01[, 240 N.W.2d at 621–22]; or (2) there exists a known present danger of such force that the time, mode and occasion for performance is evident with such certainty that nothing remains for the exercise of judgment and discretion, *see, e.g., Cords* [*v. Anderson,* 80 Wis.2d 525, 541, 259 N.W.2d 672, 679–80 (1977) ]."

*Olson,* 143 Wis.2d at 717, 422 N.W.2d at 620. We turn to the question of whether Lenore Tatalovich demonstrated either the presence of controlling law or the existence of "a known present danger of such force that ... nothing remains for the exercise of judgment and discretion" [12] that are exceptions to the statutory immunity provided the City under Wis.Stat. § 893.80(4).

### A.

■ Tatalovich asserts that Wis.Stat. § 349.065, requiring that Wisconsin municipalities place and maintain signs, barricades and other traffic control devices in conformity with the *Manual on Uniform Traffic Control Devices,* created a "ministerial" duty for the City to erect a barricade and/or warning device on Main Street.[13] Tatalovich argues that Wisconsin law, incorporating the *Manual,* "imposes, prescribes and defines that time, mode and occasion for [the erection of barricades and signs] with such certainty that nothing remains for the exercise of judgment of discretion...." *Olson,* 143 Wis.2d at 717, 422 N.W.2d at 620.

In our opinion the *Manual on Uniform Traffic Control Devices* falls short of establishing a mandatory requirement for the erection of a barricade or warning sign on Main Street under this factual scenario. The sections of the *Manual on Uniform Traffic Control Devices* regarding the erection of barricades that Tatalovich cites

(section 6C–9 and p. 6C–7 and "General Notes") all refer specifically to the erection of barricades to prevent access to "construction projects" or a "construction area," and there is nothing in this record to even infer that Main Street was under construction at the time of the accident. Thus, it is clear that Tatalovich has failed to cite us to any provision of Wisconsin law or of the *Manual on Uniform Traffic Control Devices* requiring that the City erect a barricade or warning device on Main Street under the facts of this case.

### B.

The question remains whether an exception to the City's statutory immunity can be based upon the ground that "there exists a known present danger of such force that the time, mode and occasion for performance is evident with such certainty that nothing remains for the exercise of judgment and discretion...." *Olson,* 143 Wis.2d at 717, 422 N.W.2d at 620. Under this analysis a

"duty is ministerial where a danger is known and of such quality that the ... duty to act becomes ' "absolute, certain and imperative...." ' *Cords* [*v. Anderson,* 80 Wis.2d 525, 541, 259 N.W.2d 672, 679 (1977) ] (quoting *Lister,* 72 Wis.2d at 301[, 240 N.W.2d at 622]). Stated otherwise, where a ... duty is not generally prescribed and defined by law in time, mode, and occasion, such that 'nothing remains for judgment or discretion,' circumstances may give rise to such a certain duty where, as in *Cords,* the nature of the danger is compelling and known to the officer and is of such force that the public officer has no discretion not to act."

*Olson,* 143 Wis.2d at 715, 422 N.W.2d at 619.

---

**12.** *Olson,* 143 Wis.2d at 717, 422 N.W.2d at 620.

**13.** Wis.Stat. § 349.065 provides in part:
"Local authorities shall place and maintain traffic control devices upon highways under their jurisdiction to regulate, warn, guide or inform traffic. The design, installation and

operation or use of new traffic control devices placed and maintained by local authorities after the adoption of the Uniform Traffic Control Devices Manual under [Wis.Stat. §] 84.-02(4)(e) shall conform to the Manual."

"Summary judgment is properly entered in favor of a party when the opposing party is unable to make a showing sufficient to prove an essential element of a case on which the opposing party bears the burden of proof." *Common v. Williams*, 859 F.2d 467, 469 (7th Cir.1988). "[W]hen confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968)).

In light of the trial court's proper refusal to consider the affidavits of Donald Anderson and the evidence of subsequent remedial measures Tatalovich submitted with her summary judgment, it is clear that Tatalovich would be unable to demonstrate negligence on the part of the City, much less the actual knowledge of a "present danger of such force that the time, mode and occasion for performance is evident with such certainty that nothing remains for the exercise of judgment and discretion...." *Olson*, 143 Wis.2d at 717, 422 N.W.2d at 620. Thus, as a result of Tatalovich's failure to present facts necessary to establish this exception to the rule of governmental immunity, we hold that the entry of summary judgment in favor of the City was proper.

Accidents are frequently caused by driver error and cannot be reasonably anticipated by municipal officials. Because Tatalovich has failed to present facts sufficient to support an exception to the general rule of governmental immunity on the basis that there existed a known danger of such force as to require the governmental body to act, the district court properly entered summary judgment on the basis of the City of Superior's immunity under Wis.Stat. § 893.80(4).[14]

The district court's entry of summary judgment in favor of the defendants is AFFIRMED.

---

14. Because any liability of Employers Insurance of Wausau, as the City's liability insurer, was derivative of the City's liability, the entry of summary judgment in favor of the City of Superior also compels entry of summary judgment in favor of Employers Insurance of Wausau.