Eric JONES, et al.

v.

**BOARD OF EDUCATION
OF WASHINGTON
COUNTY, et al.**

No. Civ.A. CCB–97–2210.

United States District Court,
D. Maryland.

Jan. 30, 1998.

Motion to Alter and Amend Denied
Feb. 24, 1998.

Michael J. Eig, Matthew B. Bogin, Bogin and EIG, P.C., Washington, DC, for Plaintiff.

Rochelle S. Eisenberg, Edmund J. O'Meally, Blum, Yumkas, Mailman, Gutman & Denick, Baltimore, MD, for Defendants.

*MEMORANDUM*

BLAKE, District Judge.

Now pending is the motion for summary judgment by defendants Board of Education of Washington County and Interim Superintendent Linda F. Barkdoll [1] (collectively "the Board"). Eric Jones, a minor with learning disabilities, by and with his parents, Aleta and Harry W. Jones, Jr. (collectively "the Joneses"), sued the Board,[2] alleging that by refusing to pay Eric Jones' tuition at a private school for the 1996–1997 school year, the Board violated the plaintiffs' rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.;* Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; 42 U.S.C. § 1983; Md.Code Ann., Educ. § 8–401 *et seq.;* and the Fifth and Fourteenth Amendments to the U.S. Constitution. No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons that follow, the motion will be granted.

## BACKGROUND

The facts relevant to this motion may be stated briefly. Eric Jones is a sixteen year old student with learning disabilities eligible for special education as required by IDEA. By decision dated January 17, 1997, Maryland Administrative Law Judge William E. Holliway held that the Board's 1996–1997 Individualized Education Plan ("IEP") complied with both IDEA and Maryland law, and accordingly ordered that the Joneses' request for reimbursement of tuition paid to the private Gow School in New York be denied. (Def.'s Mem.Supp.Sum.J.Ex. A. ("ALJ Op.").) This action followed.

## ANALYSIS

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogato-

---

1. The complaint named former Superintendent Wayne F. Gersen, who was sued in his official capacity only. Ms. Barkdoll, in her official capacity, was substituted for Mr. Gersen by Order dated January 16, 1998.

2. The Joneses also sued the State of Maryland and Superintendent Nancy S. Grasmick in her official capacity (the "state defendants"). All claims against the state defendants were dismissed by Order granting summary judgment dated September 11, 1997.

ries, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.,* 840 F.2d 236, 240 (4th Cir.1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir. 1994), but it also must abide by its affirmative obligation to ensure that factually unsupported claims and defenses do not proceed to trial. *Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

IDEA provides in relevant part:

> Any party aggrieved by the findings and decision made [by an appropriate state administrative law judge] shall have the right to bring a civil action ... in a district court of the United States.... In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(e)(2). The Board moved for summary judgment, arguing that Judge

Holliway's decision was correct, and submitted the full record from the administrative proceeding. The Joneses through counsel argue that this is insufficient to prevail on summary judgment, asserting that the Board "misconstrues both the nature of summary judgment and of the right to appeal administrative decisions made pursuant to the IDEA." (Pl.'s Opp. at 1.) It is the Joneses, however, who misconstrue those standards.

■ "[I]n reviewing administrative decisions in IDEA cases, the district court must make an independent decision based on a preponderance of the evidence, while giving due weight to the state administrative proceedings." *Sanger v. Montgomery County Bd. of Educ.,* 916 F.Supp. 518, 520 (D.Md. 1996) (citing *Board of Educ. of Hendrick Hudson Central School Dist. v. Rowley,* 458 U.S. 176, 206, 102 S.Ct. 3034, 3051, 73 L.Ed.2d 690 (1982)). *Doyle v. Arlington County School Bd.,* 953 F.2d 100 (4th Cir. 1991), held that unless the decisionmaker below departed from the normal fact-finding process by, for example, making a credibility determination of a witness whom he had not seen or heard testify, the court should afford the findings of state administrative proceedings, whether made by local hearing officers or review boards, "prima facie correctness." *Id.* at 105; *see also Hartmann v. Loudoun Cty. Bd. of Educ.,* 118 F.3d 996, 1000–01, 1002 (4th Cir.1997) (reaffirming *Doyle,* explaining that "*Rowley* and *Doyle* [teach] that state proceedings must command considerable deference in federal courts"), *cert. denied,* —— U.S. ——, 118 S.Ct. 688, 139 L.Ed.2d 634 (1998) (No. 97–586). Additionally, the Fourth Circuit has held that the burden of proving that the administrative decision is erroneous is on the party challenging that decision. *Barnett v. Fairfax Cty. Sch. Bd.,* 927 F.2d 146, 152 (4th Cir.1991); *see also Sanger,* 916 F.Supp. at 521.

■ Applying these standards to this case, the court finds that the Board's decision is entitled to prima facie correctness and that the Joneses have not rebutted this presumption. Judge Holliway's opinion contains accurate statements of law and well-reasoned, well-documented findings of fact supported by the relevant portions of the thirty-eight

exhibits submitted by the Board, reports from the Gow School submitted by the Joneses, and testimony of six witnesses. Although the Joneses allege in their complaint and their opposition brief that Judge Holliway's decision is "contrary to the law and the evidence," (Compl. ¶ 25; Pl.'s Opp. at 3), they present not a single argument in support of this contention; rather, they apparently hope that the court will comb the record and find some as-yet-unarticulated violation of their rights. Where, however, the moving party has met its burden of production[3] on summary judgment, as the Board did here "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case," *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554, summary judgment may not be resisted on such grounds.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). The Board's motion was properly supported (thereby making summary judgment "appropriate" in the absence of adequate rebuttal), yet the Joneses set forth no specific facts showing that there is a genuine issue for trial. "A district court need not scour the record to make the case of a party who does nothing." *Tatalovich v. City of Superior,* 904 F.2d 1135, 1139 (7th Cir.1990). "[T]he Rule requires the nonmoving party to do its own work, and to assist the trial court by responding to the motion, pointing out as specifically as is reasonably possible facts that might demonstrate the existence of genuine issues." *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 406 (6th Cir.1992).

■ Although the Joneses point to no specific error made by Judge Holliway based on the administrative record, they do claim that subsequently "additional relevant evidence regarding Eric's educational needs has become available." (Pl.'s Opp. at 6.) They correctly argue that under 20 U.S.C. § 1415(e)(2) they have some right to present additional evidence. But this right is not boundless, and its mere existence in the abstract is insufficient to resist a properly supported motion for summary judgment; for the Joneses were required in opposing the motion to identify any additional evidence they might have—again, to demonstrate that there exists a genuine issue of material fact making summary judgment inappropriate. But they have given the court no indication of what this evidence might consist of or why it could not have been offered in the earlier proceeding. *See Springer v. Fairfax Cty. School Bd.,* 134 F.3d 659, 666 (4th Cir.1998) (upholding district court's exclusion of additional evidence in the form of testimony under 20 U.S.C. § 1415(e)(2) where no reason was given for failure of witness to testify in earlier proceeding). Moreover, given Judge Holliway's finding that at the hearing the "parents presented no objective evidence in support of their claim that the child's special education needs could not be met by [the Board]," ALJ Op. at 13, it is difficult to imagine what undisclosed evidence the Joneses might have in mind; in any event, the court will neither speculate in that regard nor accept the Joneses conclusory assertion that such evidence would be "relevant," as relevance is an issue for the court to evaluate under Federal Rules of Evidence 401 and 104. "A lax interpretation of 'additional evidence' would 'reduce the proceedings before the state agency to a mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial de novo.'" *Springer,* 134 F.3d at 666 (quoting *Roland M. v. Concord Sch. Comm.,* 910 F.2d 983, 997 (1st Cir. 1990)); *see also Town of Burlington v. Dep't of Educ.,* 736 F.2d 773, 790–91 (1st Cir.1984), *aff'd on other grounds,* 471 U.S. 359, 105

---

**3.** While the Board had the burden of properly supporting its motion for summary judgment, the ultimate burden of proving that the administrative decision was erroneous remained at all times with the Joneses. *Barnett,* 927 F.2d at 152.

S.Ct. 1996, 85 L.Ed.2d 385 (1985) (listing acceptable reasons for offering new evidence to the district court).

■ Because the Joneses' Rehabilitation Act claim is identical to their IDEA claim, and because their IDEA claim failed, their Rehabilitation Act claim also fails. *Doe v. Alabama State Dep't of Educ.,* 915 F.2d 651, 666 (11th Cir.1990) (where plaintiffs presented identical claims under both statutes, and court determined that the IDEA claim lacked merit, Rehabilitation Act claim also failed); *see also Hessler v. State Bd. of Educ. of Md.,* 700 F.2d 134, 137–38 (4th Cir.1983) (analyzing IDEA[4] and Rehabilitation Act claims requesting tuition reimbursement for private school placement together, without distinguishing between the two statutes); *W.B. v. Matula,* 67 F.3d 484, 492–93 (3d Cir.1995) (noting that the IDEA and the Rehabilitation Act create essentially the same rights for qualifying students).

■ Next, the Joneses' claim that the state's use of "subject matter review," a process by which other Administrative Law Judges review and comment on drafts of the Board's decision, somehow violates the IDEA or due process. Assuming without deciding that the state's actions could even be imputed to the Board, for the reasons stated by Judge Benson E. Legg of this court in *David Hayden v. Board of Educ. of Queen Anne's County,* Civil No. L–97–485 (D.Md., Aug. 22, 1997), the plaintiffs have failed to show that subject matter review violates their rights under the IDEA or the Constitution.

■ Because no federal claims remain, the section 1983 claims also fail. *See Clark v. Link,* 855 F.2d 156, 161 (4th Cir.1988) ("If there is no violation of a federal right, there is no basis for a section 1983 action....."). Similarly, the court declines to exercise supplemental jurisdiction over the claims under Md.Code Ann., Educ. § 8–413(c)(2)(ii). *See* 28 U.S.C. § 1367(c)(3). I note, however, that the Joneses' bald assertion that "Judge Holliway's written findings of fact and conclusions of law[ ] make it clear that he was not competent to serve as a hearing officer in this

matter" is patently without merit. (Pl.'s Opp. at 10.)

A separate order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. the local school board defendants' motion for summary judgment is **GRANTED;**

2. copies of this Order and the accompanying Memorandum shall be mailed to counsel of record; and

3. the clerk of the court shall **CLOSE** this case.

---

**4.** At the time the *Hessler* case was decided IDEA was called the "Education of the Handicapped Act." *See* Pub.L. No. 101–476, § 901(a)(1) (changing name).