**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2006*
Decided November 3, 2006

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| No. 06-1265 | Appeal from the United States District Court for the Western District of Wisconsin. |
| MICHAEL HILL,<br>　　　　*Plaintiff-Appellant*, | |
| | No. 04-C-732-C |
| 　　　*v.* | |
| | **Barbara B. Crabb**, *Chief Judge*. |
| GARY THALACKER,<br>　　　　*Defendant-Appellee*. | |

**O R D E R**

Michael Hill, a federal inmate and employee at his prison's factory, sued certain prison officials and his factory supervisor under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He claims that they denied him a promotion because he is African-American and that they retaliated against him for complaining about this discrimination. After the district court granted Hill's motion voluntarily to dismiss all his unexhausted claims, only his claim of race discrimination against his supervisor, Gary Thalacker, remained. The court granted summary judgment in Thalacker's favor and Hill appeals. We affirm.

Hill began his factory work for the Federal Prison Industries, a wholly-owned corporation of the United States Government, at the lowest pay grade, but within two years he received three promotions, reaching the second highest pay grade. He worked for another two years without any further promotions. Believing that Thalacker refused to promote him because of racial bias, Hill filed a grievance with the warden; that grievance was denied, as were his subsequent administrative appeals.

Hill then filed this pro se *Bivens* complaint alleging both that the defendants denied him a promotion because of his race, in violation of the Fifth Amendment's due process clause, and that they retaliated against him for grieving this allegedly discriminatory promotional practice. As this litigation progressed, Hill eventually received a promotion to the highest pay grade. The district court accordingly recharacterized his claim as alleging a violation based on the substantial delay of this promotion. Hill voluntarily dismissed his retaliation claim.

Thalacker moved for summary judgment, arguing that Hill submitted no evidence that Thalacker impermissibly considered race in delaying Hill's promotion. Thalacker's proposed findings of fact cited evidence that he delayed Hill's promotion only until Hill learned how to read blueprints, contracts, and specifications, which were necessary skills for the new position. Thalacker also provided evidence that the ratio of African-American factory workers at the highest pay scale reflected the racial composition of the factory as a whole.

Before Hill filed a response, the district court provided him with a written copy of its procedural rules for summary judgment. Those rules require that each controverted or additional fact a party proposes must cite to specific, supporting evidence. The court warned in a separate memorandum that "[e]ven if there is evidence in the record to support your position on summary judgment, if you do not propose a finding of fact with the proper citation, the court will not consider that evidence when deciding the motion." In his response, Hill supplied affidavits from white inmates who asserted that even though Hill trained them, they received promotions to the highest pay grade before he did. His proposed findings of fact, however, failed to refer to this evidence; instead, they alluded vaguely to unspecified "attached" material.

The district court granted Thalacker's motion for summary judgment. Because of Hill's failure properly to cite to supporting evidence, the district court deemed Thalacker's fact statements admitted. Based on those facts, the district court found that Thalaker delayed Hill's promotion because he lacked the requisite skill-set, not because of racial bias. Analyzing the claim under an equal protection framework, the court found no evidence of racial discrimination and granted summary judgment in Thalacker's favor.

On appeal, Hill argues that the district court should have considered the affidavits of the white inmates, despite his "unprofessional presentation" of them. We conclude, however, that the district court acted within its discretion when it ignored Hill's proposed findings of fact and deemed Thalacker's facts admitted, given Hill's failure to follow the court's summary judgment procedures. *See Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Tatalovich v. City of Superior,* 904 F.2d 1135, 1140 (7th Cir. 1990) (holding that Wisconsin district court properly ignored nonmovant's affidavits because her proposed findings of fact failed to cite to them as required by court's procedural rules). We construe pro se filings liberally, but even pro se litigants must follow procedural rules of which they are aware, and district courts have discretion to enforce those rules against such litigants. *Metro. Life Ins. Co. v. Johnson,* 297 F.3d 558, 562 (7th Cir. 2002); *Greer v. Bd. of Educ. of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001). Moreover, as we note below, even if the court had considered the affidavits, it would not have changed the ultimate outcome.

The district court and the parties analyzed the evidence under an equal protection framework without considering Hill's evident status as a federal employee. In general, a federal employee cannot assert an employment discrimination claim under the equal protection principles of the Fifth Amendment because section 717 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-6, "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.,* 425 U.S. 820, 835 (1976). *See also Mlynczak v. Bodman,* 442 F.3d 1050, 1056-57 (7th Cir. 2006). Correcting the legal theory, however, does not help Hill: whether his case is analyzed through the lens of equal protection or § 717, his claim of racial discrimination cannot survive summary judgment because he presented no evidence that similarly situated white employees received more favorable treatment than he did.

Claims brought under § 717 follow the familiar burden-shifting test of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Mlynczak,* 442 F.3d at 1057. To state a prima facie case of employment discrimination, Hill must show that (1) he is a member of a protected class, (2) his job performance met Thalacker's legitimate expectations, (3) he suffered an adverse employment action, and (4) another similarly situated individual who was not in the protected class was treated more favorably than he. *See Thanongsinh v. Bd. of Educ.,* 462 F.3d 762, 772 (7th Cir. 2006). An equal protection claim of racial discrimination also requires evidence of someone not in the protected class who received better treatment. *See United States v. Armstrong,* 517 U.S. 456, 465 (1996) (holding that to establish race discrimination case under Fifth Amendment's equal protection principles, claimant must show that similarly situated individuals were treated more favorably than the complainant). Hill presented no admissible evidence that Thalacker treated white employees more

favorably than he was. Even if we considered the affidavits that Hill proffered, we would come to the same conclusion. There is no indication in these affidavits that the white employees who received promotions had skills comparable to Hill's. Because, even taking the evidence favorably to him, Hill has not presented a prima facie case of discrimination, the district court properly granted summary judgment.

**AFFIRMED.**