Jane DOE, Plaintiff–Appellant,

v.

Father Sebastian CUNNINGHAM, and Province of Our Lady of Consolation, Incorporated, a/k/a Conventual Franciscan Friars, Defendants–Appellees.

No. 93–4055.

United States Court of Appeals,
Seventh Circuit.

Argued April 18, 1994.

Decided July 26, 1994.

Barry M. Cymerman (argued), Marilee S. Shepard, Peter M. Donohue, Phillips, Donohue & Cymerman, Milwaukee, WI, for plaintiff-appellant.

James E. Bourne, Barbara W. Gernert (argued), Wyatt, Tarrant, Combs & Orbison, New Albany, IN, Michael J. Cohen, Meissner & Tierney, Milwaukee, WI, for defendants-appellees.

Before CUMMINGS, MANION, and ROVNER, Circuit Judges.

MANION, Circuit Judge.

Jane Doe filed suit against Father Maurice Hayes, Father Sebastian Cunningham and the Province of Our Lady of Consolation, Inc., also known as Conventual Franciscan Friars. In this suit, Doe alleged: (1) that Hayes engaged in conduct with her which fell below accepted professional standards for the provision of secular or pastoral counseling services and other pastoral services; (2) that Cunningham was negligent in responding to her complaint about Hayes; and (3) that the Province was negligent in supervising Hayes and was vicariously liable for Hayes, Cunningham and Father Birgans' actions.

Cunningham and the Province filed motions for summary judgment on Doe's claims. They supported their motions with proposed findings of fact and specific references to the pleadings, depositions, responses to requests for admissions and an affidavit supporting

these facts. Doe did not file a timely response to these motions. Because Doe failed to respond to the motions, the district court applied its Standing Order and Local Rule 6.05, both of which provide that if a party opposing a motion for summary judgment fails to respond to the motion, the court will conclude that no genuine material issue exists as to any of the proposed findings of fact. Based on the proposed facts, the district court then granted summary judgment in favor of Cunningham and the Province. Doe appeals. We affirm.

## I. Statement Of The Facts

In August of 1987, the plaintiff, Jane Doe, began religious instruction with Father Maurice Hayes at St. Stephen Martyr Parish in Milwaukee, Wisconsin. Father Hayes, who is a member of the order of Conventual Franciscan Friars ("the Order"), was assigned to St. Stephen's by the supervising agency of the Order, the Province of Our Lady of Consolation, Inc., also known as Conventual Franciscan Friars ("the Province"). Although Hayes remained a member of the Order, once he was assigned to St. Stephen's he performed his duties under the direction and control of the Archbishop of Milwaukee and was accountable to the Archbishop.

Doe claims that during her religious instruction, she and Hayes engaged in a sexual relationship and that this caused her to suffer psychological and emotional injury. Doe reported this to the Province on or about January 28, 1989, when she telephoned Cunningham. She told Cunningham that she was a member of St. Stephen's, that she had been receiving religious instruction from Hayes, that she had spent a considerable amount of money on Hayes, that Hayes was not a loyal friend or a good priest, and that her relationship with Hayes was more than pastor-parishioner. In addition to her complaint, approximately eight years earlier, Father Birgans, the then Vicar Provincial of the Province, received a telephone call from a person who identified himself as Mr. Best of St. Stephen's and who alleged some unspecified misconduct by Hayes with a female parishioner.

Cunningham, who was the Secretary of the Province, and who acted as a business and office manager, relayed Doe's complaint to his immediate supervisor, Father Pasche. Cunningham and Pasche met with Hayes. Following their meeting, Cunningham contacted the Auxiliary Archbishop of Milwaukee, informed him of Doe's telephone call and of their meeting with Hayes, and recommended that the Auxiliary Archbishop talk to Hayes. Cunningham also reported the phone call to his other supervisor, the Provincial Minister Father Hellman.

Cunningham did not have authority to remove Hayes from St. Stephen's. He also did not have authority to make any other personnel decision concerning Hayes, such as whether Hayes should seek counseling or treatment. Cunningham responded to Doe's call in the only way he could—he reported the calls to his supervisors.

Doe eventually filed suit against Hayes, the Province, and Cunningham, seeking damages for the intimate relationship she claimed to have had with Hayes. In her suit, she alleged that Hayes was negligent in performing pastoral and counseling services, that Cunningham was negligent in responding to her complaint about Hayes and that the Province was negligent in supervising Hayes and was vicariously liable for Hayes, Cunningham and Birgans' actions. Cunningham and the Province filed motions for summary judgment, supported by a statement of proposed findings of fact and portions of the pleadings, depositions, responses to requests for admissions and an affidavit supporting these proposed facts. Doe failed to file a timely response to the motions. Instead, after the filing deadline had passed, she filed a request for an extension of time along with responses to the motions. The district court denied Doe's motion for an extension of time and refused to accept the late responses. The district court then considered Cunningham and the Province's motions for summary judgment. In doing so, the district court enforced its Standing Order and Local Rule 6.05 of the Eastern District of Wisconsin, both of which provide that if a party opposing a motion for summary judgment fails to respond to the motion, the court will con-

clude that no genuine material issue exists as to any of the proposed findings of fact. Because Doe did not respond to the motions, the court accepted Cunningham and the Province's proposed findings of fact and concluded that the undisputed facts demonstrated that Cunningham and the Province were entitled to judgment as a matter of law. Accordingly, the district court granted their motions for summary judgment.[1] Doe appeals.

## II. Analysis

On appeal, Doe claims that the Standing Order and Local Rule 6.05 are inconsistent with Federal Rule of Civil Procedure 56 and are, therefore, invalid.[2] Alternatively, she asserts that even accepting the proposed findings of fact, Cunningham and the Province were not entitled to judgment as a matter of law. In both respects, we disagree.

■ Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(e). Rule 56(e) further provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate shall be entered against him.

We review the district court's grant of summary judgment *de novo*. *AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 615 (7th Cir.1993).

■ The portion of the Standing Order, to which Doe specifically objects, provides: "The court will conclude there is no genuine material issue as to any proposed finding of fact, unless an opposing party asserts that a genuine material issue exists." Local Rule 6.05 is similarly worded and provides: "In deciding a motion for summary judgment, the court will conclude that there is no genuine material issue as to any proposed finding of fact to which no response is set out." Doe asserts that it is improper to conclude that because a party does not object to the proposed findings of fact, no genuine issue exists as to any of the proposed findings of fact. Such a rule, however, whether adopted as part of a court's order or as a Local Rule, is entirely proper. *See, e.g., Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir.1989) (concluding that the Northern District of Illinois' Local Rule 12(f), which provides that "[a]ll material facts set forth in the statement ... served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party," is valid). *Accord Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir.1994); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir.1992); *Appley v. West*, 929 F.2d 1176, 1179 (7th Cir. 1991); *Skagen v. Sears, Roebuck & Co.*, 910 F.2d 1498, 1500–01 (7th Cir.1990); *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir.1990); *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir.1988).

■ Doe also claims that Local Rule 6.05 and the Standing Order conflict with Rule 56 by "effectively shift[ing] the burden from the moving party to the responding party." Doe is incorrect. In addition to the above quoted language, Section I of the Standing Order provides, in pertinent part: "It is the movant's obligation to present no more and no less than the set of factual propositions upon which movant considers there is no genuine issue of material fact and upon which the

---

1. Doe's action against Hayes is currently pending in the district court.

2. Doe does not appeal the district court's denial of her motion to enlarge the time for her to file a response or the district court's order striking

Doe's untimely responses to the motions for summary judgment. Therefore, we need not consider whether the district court properly ruled on these motions.

movant is entitled to judgment as a matter of law." Similarly Local Rule 6.05 provides: "The movant must present only the factual propositions upon which there is no genuine issue of material fact and which entitle the movant to judgment as a matter of law...." Both the Standing Order and the Local Rule clearly set forth the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law. Nothing within the Standing Order or the Local Rule relieve the moving party of this burden.

■ In addition, Doe argues that the Standing Order and Local Rule 6.05 are inconsistent with Rule 56 because they require a court to automatically grant a motion for summary judgment where no response is filed. Doe claims that a rule requiring a court to automatically grant summary judgment when no response is filed is invalid because "[a] party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Smith v. Hudson,* 600 F.2d 60, 64 (6th Cir. 1979); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 156–57, 90 S.Ct. 1598, 1607–08, 26 L.Ed.2d 142 (1970). Doe is correct that a party need not respond to a motion for summary judgment. But contrary to her assertions, nothing in either the Standing Order or Local Rule 6.05 requires a court to automatically grant summary judgment if the opposing party fails to respond to the motion. Rather, the Standing Order and the Local Rule merely set forth the already well-established principle "that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (quotations omitted). *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). *See, e.g., United States v. Rode Corp.,* 996 F.2d 174, 178 (7th Cir.1993) (a

non-movant must "present enough information to alert the district court that there existed a genuine issue of material fact and to present the legal theories upon which it is relying."). Both the Standing Order and Local Rule 6.05 are therefore valid.

■ Doe claims that, even if the Standing Order and Local Rule 6.05 are valid, the district court misapplied the rule by automatically granting Cunningham and the Province's motions for summary judgment based on Doe's failure to respond to the motions. As Doe puts it, the district court "held that because there was no response by the plaintiff that in effect the defendant won it's [sic] motion by default.... [T]he court [merely] look[ed] to see if it has one brief or two." The district court's opinion shows to the contrary. In granting summary judgment, the district court stated that summary judgment was appropriate because:

> based on the facts proposed by Fr. Cunningham and the Province, these defendants are entitled to judgment as a matter of law. The facts show that Fr. Cunningham lacked the authority to make personnel moves or decisions within the Province and thus his alleged failure to do so is not actionable. As such, there is no cause of action against the Province based on Fr. Cunningham's actions. Further, the facts show that Fr. Hayes, as a pastor in a diocesan parish, acts only as an agent or employee of the diocese and not of the Province. Therefore, the Province is not liable for his alleged actions either.

Thus, contrary to Doe's assertion that the district court automatically granted Cunningham and the Province's motions for summary judgment, the court's opinion demonstrates that it properly applied its Standing Order and Local Rule 6.05.

Alternatively, Doe claims that, even accepting the proposed findings of fact, the district court improperly concluded that Cunningham and the Province were entitled to judgment as a matter of law. We disagree.

■ Doe's complaint alleged a cause of action against Cunningham based on negligence. Specifically, Doe asserted that Cun-

ningham was negligent in failing to obtain treatment for Hayes and in failing to reassign him. The undisputed facts, however, establish that Cunningham had no authority to make any personnel decisions concerning Hayes. Rather, Cunningham's authority allowed him to only report Doe's complaint to his supervisors, which he did. Cunningham had no other duty. Doe, therefore, cannot maintain a cause of action against Cunningham based on a negligence theory. *Coffey v. City of Milwaukee*, 74 Wis.2d 526, 247 N.W.2d 132, 135 (1976) (under Wisconsin law, a negligence claim requires a duty of care on the part of the defendant, a breach of that duty, a causal connection between the conduct and the injury, and actual loss or damages as a result of the injury).[3] Accordingly, the district court properly entered summary judgment in favor of Cunningham.

■ Concerning the Province, Doe first asserts that the Province was negligent in supervising Hayes while he was at St. Stephen's. Specifically, Doe alleges that the Province knew or should have known of Hayes' conduct due to the unrelated complaint it received against Hayes eight years earlier. The undisputed facts, however, demonstrate that once Hayes was assigned to St. Stephen's, he performed his duties under the direction and control of the Archbishop of Milwaukee and he was accountable to the Archbishop. These facts demonstrate that the Province did not have a duty to supervise Hayes' actions at St. Stephen's.[4] Because the Province did not have such a duty, the district court properly granted the Province summary judgment based on Doe's allegation of negligent supervision. *Cf. Coffey*, 247 N.W.2d at 135.

■ Doe also alleged that the Province was vicariously liable for the acts of Hayes, Cunningham, and Birgans under the theory of respondeat superior. As discussed above, Cunningham and Birgans were not negligent.

The Province therefore has nothing to be vicariously liable for based on Cunningham and Birgans' actions. Whether Doe has a legal claim against Hayes is yet to be decided. But even if Doe can recover damages for the intimate relationship she claims to have had with Hayes, under Wisconsin law the Province is only liable for Hayes' actions if he was its "servant." In Wisconsin a "servant" is one who is "employed to perform service for another in his affairs and who, with respect to his physical conduct in the performance of the service, is subject to the other's control or right of control." *Pamperin v. Trinity Memorial Hosp.*, 144 Wis.2d 188, 423 N.W.2d 848, 852 (1988) (quoting *Arsand v. City of Franklin*, 83 Wis.2d 40, 264 N.W.2d 579, 584 (1978)). In this case, the undisputed facts demonstrate that Hayes was under the control of the Archbishop. The Province did not control his performance of his pastoral duties and therefore Hayes could not be its servant.

■ In response, Doe claims that some of the facts contained in Cunningham and the Province's statement of proposed facts create a reasonable inference that an agency relationship existed between Hayes and the Province. Specifically Doe claims that the fact that the Province had received a prior complaint against Hayes along with the fact that the Province provided clergy personnel to St. Stephen's, created an inference that an agency relationship existed. To survive a motion for summary judgment, however, a non-movant must show that the facts allow an inference which "is reasonable in light of the competing inferences ..." *Matsushita*, 475 U.S. at 588, 106 S.Ct. at 1356. Doe has failed to show how such an inference is reasonable given the undisputed fact that Hayes was under the control of the Archbishop. The right to control is the dominant test in determining whether an individual is a servant under Wisconsin law. *Pamperin*, 423

---

3. Doe also asserts that since Cunningham met with Hayes, he had gratuitously assumed a duty to continue his efforts to respond to her complaint or notify her that the Province had no means of assisting her and direct her to the Archdiocese. We need not consider the validity of Doe's position because Doe waived this argument by not raising it before the district court.

4. Father Birgans, the individual who received the complaint against Hayes eight years earlier, had no duty to supervise Hayes for the same reason, and was thus not negligent. *Cf. Coffey*, 247 N.W.2d at 135.

885

N.W.2d at 852. *See also Arsand,* 83 Wis.2d 40, 264 N.W.2d at 584. "[I]f the factual context renders the claims asserted by the party opposing summary judgment implausible the party must 'come forward with more persuasive evidence to support their claim than would otherwise be necessary.'" *McDonnell v. Cournia,* 990 F.2d 963, 967 (7th Cir.1993) (quoting *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356). In this case, Doe failed to come forward with any evidence, much less persuasive evidence.

In addition to arguing that the proposed facts support a finding that Hayes was the Province's servant, Doe also attempts to supplement her position on appeal by pointing to additional portions of the record which she claims indicate that Hayes was the Province's servant. As we noted before, however, Doe did not specify these or any other portions of the record to the district court. "[A] district court need not scour the record to determine whether there exists a genuine issue of fact to preclude summary judgment. Instead, the court can rely upon the nonmoving party to show such a dispute if one exists." *L.S. Heath & Son, Inc. v. AT & T Information Systems, Inc.,* 9 F.3d 561, 567 (7th Cir.1993). The time of appeal is too late to specify portions of the record which may create an issue of material fact. *Appley,* 929 F.2d at 1179–80.

Alternatively, Doe argues that the Province is liable for Hayes' misconduct even if he was not the Province's servant because the Province had a practice of indemnifying its members regardless of whether their acts were within the scope of their agency or employment. The facts, however, demonstrate that no such practice existed. Specifically, Father Hellman testified that the Province does not consider itself financially liable for the alleged acts of sexual misconduct of its members.

Finally, Doe argues that a court just cannot determine on summary judgment whether an agency relationship exists because this is a question of fact. This court held to the contrary in *Johnson v. Methodist Medical Center of Illinois,* 10 F.3d 1300, 1305 (7th Cir.1993) stating: "[w]hether there is an agency relationship ... may appropriately be determined on summary judgment." In fact, in *Johnson,* this court held that no agency relationship existed because the "[p]laintiff has failed to meet her burden in presenting sufficient facts to show that a genuine issue of material fact exists with respect to the agency issue; in fact, plaintiff has presented no evidence." *Johnson,* 10 F.3d at 1306. Similarly, here, Doe did not point to any facts in support of her position that contradict the Province's facts. The district court therefore properly held that no agency relationship existed between Hayes and the Province.

### III. Conclusion

The district court's Standing Order and Local Rule 6.05 of the Eastern District of Wisconsin are valid. The district court also did not err in applying the Standing Order and Local Rule 6.05 to the facts of this case and in determining that Cunningham and the Province were entitled to judgment as a matter of law. For these and the foregoing reasons, we

AFFIRM.