85 F.3d 631
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert MENIER, Plaintiff-Appellant,
v.
Thomas J. THOMPSON, et al., Defendants-Appellees.
 Nos. 94-3102, 94-3104.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 19, 1996.*
Decided April 2, 1996.
 
 Appeals from the United States District Court for the Western District of Wisconsin, Nos. 93-C-0648-C and 93-C-0746-C; Barbara Crabb, Judge.
 W.D.Wis.
 AFFIRMED.
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 On the night of November 9, 1990, Officer Chuck Pardun, a part-time police officer employed by the Village of Luck and a duly appointed deputy sheriff of Polk County, and Robert Menier were driving toward each other on Highway 35 in Polk County, Wisconsin. Officer Pardun saw the other driver veer across the white line on the right side of the road when a pick-up truck tried to pass. The officer turned around, stopped Menier and, after further investigation, arrested him for driving while intoxicated, Wis.Stat. § 346.63(1), and disorderly conduct, Wis.Stat. § 947.01. The officer later took Menier for a blood test at a hospital in St. Croix Falls, where Officer Thomas J. Thompson, a police officer employed by the City of St. Croix Falls, informed Menier that he was under arrest for disorderly conduct at the hospital. Menier was acquitted of driving while intoxicated--the only charge for which he was prosecuted. In consolidated suits pursuant to 42 U.S.C. § 1983, Menier sued both officers for false arrest and each of their respective municipal employers for maintaining a policy of failing to train their officers.[1] The district court granted summary judgment to the defendants. We affirm.
 
 
 2
 Menier claims that the district court should have independently reviewed the entire record instead of relying on its own summary judgment procedure to limit the scope of its review. Under the court's streamlined system, the moving party supplies a set of proposed undisputed material facts. Then the non-moving party may demonstrate a dispute as to each fact with which it disagrees and propose additional undisputed material facts necessary to the disposition of the case. Both sides must support each proposed fact or asserted dispute with citations to the record. Properly supported factual assertions, if not disputed, are deemed admitted, and factual assertions lacking proper support may be disregarded. In addition, the court in its discretion may choose to search the record for additional evidence. The district court provided Menier with a written set of instructions for this procedure and ordered him to comply with them. Menier included a set of documented proposed facts with his motion for summary judgment. The court denied his motion and informed him that he needed to file a proper response to the defendants' proposed facts, which accompanied their own motion for summary judgment.[2] It reiterated the need for citations to the record and further warned him that it would not consider any facts not included in proposed findings of fact. Menier responded with a set of denials, but he failed to cite to the record--at least with respect to any facts pertinent to the district court's disposition.[3] As a result, the district court effectively granted summary judgment on the basis of the defendants' proposed facts. It apparently chose not to search for additional evidence.
 
 
 3
 Under Federal Rule of Civil Procedure 83 (1994), "[i]n all cases not provided for by rule, the district judges ... may regulate their practice in any manner not inconsistent with these rules or those of the district in which they act." The district court's order conflicted neither with Federal Rule of Civil Procedure 56, nor with the court's local rules. A district court may, pursuant to a local rule, rely upon the nonmoving party to demonstrate a dispute concerning a genuine issue of material fact, even though that party may consider the relevant information to be readily available.[4] E.g. Doe v. Cunningham, 30 F.3d 879, 885 (7th Cir.1994); Waldridge v. American Hoechst Corp., 24 F.3d 918, 923 (7th Cir.1994). For example, in Tatalovich v. City of Superior, 904 F.2d 1135, 1139-1140 (7th Cir.1990), this court held that the district court did not violate Rule 56 by refusing to consider certain evidentiary materials due to a failure to comply with its local rule (now repealed), which bears a striking resemblance to the procedure in this case. Whether adopted as part of a court's order or as a local rule, this procedure is proper. See Doe, 30 F.3d at 882, 885. Menier also objects to defense counsel's failure to take into account his evidence in setting forth the undisputed facts. The district court properly allowed the proposed facts to stand because Menier failed to cite contrary evidence in the record. Tatalovich, 904 F.2d at 1139. Although counsel has an ethical obligation enforceable under Federal Rule of Civil Procedure 11 not to seek summary judgment if the record as a whole will not support it, Menier does not contend that counsel should be sanctioned.
 
 
 4
 "In order to prevail in an unlawful arrest action, the plaintiff must show lack of probable cause." Simmons v. Pryor, 26 F.3d 650, 654 (7th Cir.1993), cert. denied, 114 S.Ct. 1833 (1994). An officer has probable cause to make an arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information suffice to warrant a prudent person's belief that the suspect has committed or is committing an offense. Jones v. Webb, 45 F.3d 178, 181 (7th Cir.1995). This determination is based on the information available to the officer at the moment of arrest. Maltby v. Winston, 36 F.3d 548, 557 (7th Cir.1994), cert. denied, 115 S.Ct. 2576 (1995). "Probable cause can be found as a matter of law, however, only when the facts permit but one conclusion--that is, 'only when no reasonable jury could find that the officer[ ] did not have probable cause' to make an arrest." Jones, 45 F.3d at 182 (citation omitted). Even if probable cause does not exist, an officer has qualified immunity if he reasonably believed that he had probable cause. Edwards v. Cabrera, 58 F.3d 290, 293 (7th Cir.1995). But see Boyce v. Fernandes, No. 95-2160, 1996 WL 78458, slip op. at 1 (7th Cir. Feb. 26, 1996) (noting intra-circuit split of authority related to this issue). Regardless, if probable cause does exist, the officer is immune, and the claim lacks merit.
 
 
 5
 In light of the limited facts before it, the district court properly granted summary judgment on the drunk driving false arrest claim. Officer Pardun saw the pick-up truck driver flash his lights and attempt to pass Menier. He saw Menier veer across the white line on the right side of the road twice. Menier later blamed the truck for his swerving. The officer detected an odor of alcohol, and he perceived evidence of impairment in Menier's performance of various field sobriety tests. Menier consented to take a portable breath test, behaved argumentatively while the test was being brought to the scene and withdrew his consent when it arrived. Given the truck driver's evident desire to pass Menier, the repeated swerving, the odor of alcohol, the poor performance on the sobriety tests and the refusal to take the breath test, we doubt that a reasonable jury could dispute that a prudent person would be warranted in believing that Menier was intoxicated to the degree that he was not capable of driving safely. Cf. Wis.Stat. § 346.63(1)(a). The district court properly found as a matter of law that the officer reasonably believed he had probable cause. Officer Pardun is immune.
 
 
 6
 Similarly, based upon the limited set of facts before it, the district court properly granted summary judgment to Officer Thompson. In the presence of hospital staff and ten or so members of the public at the hospital, Menier "threw his arms in the air and yelled in a loud voice, 'Up my ass,' 'Jesus Christ you fuckers,' and other remarks." (R.36 at 5-6.) To establish a violation of Wisconsin's disorderly conduct statute, first, one must find that the person is, "in a public or private place, engag[ing] in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct...." § 947.01. The statute is aimed at intrusions that would offend the average person's normal sensibilities, or demeanor that a reasonable person would find significantly abusive or disturbing. Wisconsin v. Migliorino, 489 N.W.2d 678, 685 (Wis.Ct.App.1992). "Second, the conduct must be engaged in under circumstances which tend to cause or provoke a disturbance." City of Oak Creek v. King, 436 N.W.2d 285, 288 (Wis.1989). "It is not necessary that an actual disturbance must have resulted from the appellant's conduct. The law only requires that the conduct be of a type which tends to cause or provoke a disturbance, under the circumstances as they then existed." Id. at 290. We doubt that a rational jury could disagree that a reasonable person seeing Menier yelling, swearing and throwing up his arms in a public area of a hospital without evidence of any justification would be warranted in believing that his behavior was disorderly and that it threatened a breach of the peace. The district court did not err by determining as a matter of law the officer reasonably believed that probable cause existed. Officer Thompson is immune.
 
 
 7
 The district court properly granted summary judgment to Polk County, the City of St. Croix Falls and the Village of Luck. A municipal entity may be liable under § 1983 if it maintains a policy of not training its officers with deliberate indifference to that policy's effect on the constitutional rights of others. City of Canton v. Harris, 489 U.S. 378, 388 (1989). Due to Menier's failure to direct the district court to any evidence that could meet his burden at trial of establishing the existence of such policies, much less their adoption with deliberate indifference, the court properly granted summary judgment to the municipal defendants. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). By failing to comply with the district court's order, Menier inadvertently admitted the defendants' assertion that no such policies existed.
 
 
 8
 Menier raises two other claims that may be dealt with quickly. First, granting summary judgment does not violate the right to a jury trial if there is no disputed genuine issue of material fact requiring the jury's consideration. See Fidelity & Deposit Co. of Maryland v. United States ex. rel. Smoot, 187 U.S. 315, 319-21 (1902) (summary judgment rule did not violate right to jury trial); United States v. Stangland, 242 F.2d 843, 848 (7th Cir.1957). Second, despite his assertion that due process entitled him to oral argument, "[a] summary judgment motion may be properly ruled on without oral argument." Henkin v. General Elec. Credit Corp., 925 F.2d 231, 233 (7th Cir.1991); see Deutsch v. Burlington Northern R.R. Co., 983 F.2d 741, 744 n. 2 (7th Cir.1992) ("Fed.R.Civ.P. 56(c) does not require a[n] [oral] hearing...."), cert. denied, 507 U.S. 1030 (1993).
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and record
 
 
 [1]
 On appeal, Menier also mentions Mark Biller, who prosecuted the drunk driving charge. However, Biller was only party to a third appeal, No. 94-3103, which this court dismissed for procedural reasons. Menier later expressly informed this court that he declined to challenge this dismissal. We therefore do not consider his claims against Biller. In addition, the district court dismissed Menier's disorderly conduct false arrest claim against Officer Pardun because it lacked jurisdiction. Since Menier has not addressed this issue on appeal, neither shall we
 
 
 [2]
 Menier does not argue that his proposed undisputed facts substantially complied with the court's subsequent order requiring an answer. We therefore do not address this issue
 
 
 [3]
 Although the district court indicated in its final order that Menier had supported a few of his assertions, we can find no citations to the record in his answer. The court did not specifically rely on any such factual assertions in its summary of the relevant facts
 
 
 [4]
 We also add that this court requires appropriate citations to the record in support of the statement of facts and argument in the Appellant's Brief. Fed.R.App.P. 28(a)(4), (6) & (e). Menier's appellate brief is utterly deficient in this respect