**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 22, 2005[*]
Decided November 30, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 05-1408 | |
| | Appeal from the United States District |
| TIM L. GAMBLIN, | Court for the Southern District of |
|     *Plaintiff-Appellant,* | Indiana, Indianapolis Division |
| | |
|     *v.* | No. 1:04-cv-0094-DFH-TAB |
| | |
| DANNY GROVES, et al., | David F. Hamilton, |
|     *Defendants-Appellees.* | *Judge.* |

## O R D E R

Pretrial detainee Tim Gamblin was injured in a fight with Lee LeMaster, another pretrial detainee, and sued four jail employees claiming they violated his rights under the Due Process Clause of the Fourteenth Amendment by placing him in a cell block with LeMaster. The defendants moved for summary judgment and, pursuant to *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), admonished Gamblin

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

that the district court would accept as true the factual statements in their supporting memorandum unless he offered contradictory evidence.  Gamblin instead obtained one extension of the response deadline, and then submitted a "Request for Entry [sic]" asking for additional time to contact witnesses.  Gamblin explained that he had neglected to contact his proposed witnesses because he assumed the district court would subpoena them for him and "find[] the truth in court."  In unsworn "notes" attached to this submission, Gamblin detailed his recollection of the fight with LeMasters.

The district court understood Gamblin to be asking again in his Request for Entry for more time to respond to the defendants' motion for summary judgment, and refused to allow another extension.  The court reminded Gamblin that he still would be required to file his response by the stated deadline (then about a month away), and when that deadline passed with no submission from Gamblin, the court granted summary judgment for the defendants.  After noting that the motion would be resolved on the defendants' evidence because Gamblin never responded, the court concluded that the undisputed evidence established that none of the defendants knew in advance that LeMaster posed a threat to Gamblin, and that none of them stood by and allowed the fight to continue as Gamblin alleged in his complaint.

On appeal Gamblin argues that the factual allegations in his complaint and Request for Entry created a genuine issue of material fact and should have been considered at summary judgment because he submitted both documents under the penalty of perjury.  True, a complaint or other submission made under penalty of perjury can sometimes substitute for a formal affidavit in rebutting a motion for summary judgment.  28 U.S.C. § 1746; *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996).  But not here.  Gamblin knew that the district court had viewed his Request for Entry as a motion for more time to respond to the motion for summary judgment, not as the response itself.  Gamblin had ample time to correct the district court if he thought the submission was misunderstood but he stood silent.  We cannot fault the district court, then, for deeming the defendants' motion unopposed.  *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (holding that district court did not abuse its discretion in failing to construe litigant's statement that court should "enlarge the issues to be considered" as a motion for leave to amend the complaint where statement was included in motion to reconsider adverse ruling as summary judgment and litigant did not otherwise comply with requirements of Fed. R. Civ. P. 15).

Moreover, even if characterized as a response to the motion for summary judgment, the Request for Entry does not direct the district court to any specific allegations in the complaint, and district courts are not required to search the record

for evidence sufficient to defeat a motion for summary judgment. *See Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 609-10 (7th Cir. 2005); *Doe v. Cunningham*, 30 F.3d 879, 885 (7th Cir. 1994). Neither does the submission itself include the evidence necessary to establish the existence of a material issue of fact; all the Request for Entery tells us is that Gamblin made no attempt to contact his witnesses. And though the attached "notes" do supply some detail, they are unsworn. *See* Fed. R. Civ. P. 56(e); *Steinle v. Warren*, 765 F.2d 95, 100 (7th Cir. 1985). Without the facts stated in Gamblin's complaint or "notes," he has not presented any evidence to defeat the defendants' motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). Accordingly, we AFFIRM the grant of summary judgment for the defendants.