# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1272

BRIAN WANTZ,

*Plaintiff-Appellant,*

v.

EXPERIAN INFORMATION SOLUTIONS,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 8224—**Blanche M. Manning**, *Judge.*

_____

ARGUED JUNE 17, 2004—DECIDED OCTOBER 21, 2004

_____

Before FLAUM, *Chief Judge*, and MANION and WILLIAMS,
*Circuit Judges.*

MANION, *Circuit Judge.* Brian Wantz alleged that Experian
Information Solutions, Incorporated, violated the Fair Credit
Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("the Act"), by fail-
ing to reinvestigate adequately an entry on his credit report
as required by 15 U.S.C. § 1681i(a). The district court en-
tered summary judgment on behalf of Experian, reasoning
that Wantz put forth no competent evidence that he was
entitled to damages. We affirm on the same ground.

I.

Because this case comes to us after summary judgment in Experian's favor, we review the record in the light most favorable to Wantz. *See Cowan v. Prudential Ins. Co. of Am.*, 141 F.3d 751, 755 (7th Cir. 1998). In August 2000, a state court in Virginia entered a civil judgment against Wantz, which Wantz satisfied on September 14, 2000. Experian and at least one other consumer reporting agency nonetheless continued to report that the judgment was not paid

In June 2002, when Wantz found out that one consumer reporting agency was reporting the judgment as unpaid, he called Experian, as well as several other consumer reporting agencies, and stated that he had paid the judgment. Experian investigated by sending a dispute verification form to a third-party vendor, Superior Information Services. Superior was contractually obligated to verify information by going to the courthouse and looking at the judgment, or by reviewing electronic court records. Superior investigated and then reported back to Experian that the judgment against Wantz had not been satisfied.

In September 2002, Wantz again contacted Experian and stated that he had satisfied the Virginia judgment. Experian once again asked Superior to investigate. Because Superior did not respond within the 30 days that the Act generally allows for a reinvestigation, *see* 15 U.S.C. § 1681i(a), Experian updated the status of the Virginia judgment to "satisfied" and notified Wantz of the change.

Unappeased, Wantz filed a complaint against Experian in the district court, asserting that Experian had failed to conduct an adequate reinvestigation under the Act. The district court granted summary judgment in favor of Experian, reasoning that Wantz had no competent evidence that he was entitled to damages.

## II.

Our review of the district court's grant of summary judgment is de novo, construing all facts in favor of Wantz, the nonmoving party. *Commercial Underwriters Ins. Co. v. Aires Envtl. Servs., Ltd.*, 259 F.3d 792, 795 (7th Cir. 2001). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "[s]ummary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party." *Commercial Underwriters*, 259 F.3d at 795.

The Act regulates a consumer reporting agency, which is "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. . . ." 15 U.S.C. § 1681a(f). It requires a consumer reporting agency to follow "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Once a consumer report exists, the Act triggers various duties on the part of a reporting agency, including the obligation to reinvestigate when a consumer contends that his consumer report is inaccurate or incomplete:

> If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before

the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

15 U.S.C. § 1681i(a).

The Act creates a private right of action against a consumer reporting agency for the negligent, *see id.* § 1681o, or willful, *see id.* § 1681n, violation of any duty imposed under the statute, including the duty to reinvestigate under § 1681i(a). For either a negligent or willful violation of a duty under the Act, the consumer reporting agency is liable for the consumer's "actual damages" and the costs of the action together with reasonable attorney's fees. 15 U.S.C. §§ 1681n, 1681o. Where the agency acts willfully, punitive damages are also available. *Id.* at § 1681n. It is the plaintiff's burden to establish that he is entitled to damages. *See Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995). The district court, as noted above, concluded that Wantz presented no competent evidence that he could meet that burden and therefore entered summary judgment for Experian.

Although Wantz asked for several types of damages before the district court, on appeal he limits his argument to the assertion that a jury could find that he is entitled to both actual and "statutory" damages. We begin with actual damages. As the district court observed, the record is devoid of any indication that a potential creditor denied Wantz credit because of what Experian reported. Wantz nonetheless maintains that a jury could award him actual damages for his emotional distress. Emotional distress can, in certain circumstances, give rise to actual damages under the Act— even where there has been no denial of credit. *Id.* at 474; *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982); *Field v. Trans Union LLC*, No. 01 C 6398, 2002 WL 849589, at *5 (N.D. Ill. May 3, 2002). The only evi-

dence regarding emotional damages to which Wantz pointed before the district court, however, was his testimony to the effect that: (1) he was " 'humiliated and embarrassed' every time he was rejected for credit"; (2) it is "mentally and emotionally distressful when dealing with credit reporting agencies"; and (3) it is "embarrassing to go somewhere and have them check your credit report and see all that stuff on there." This evidence is deficient on two levels.

First, it would not allow a jury to conclude that Experian, as opposed to another consumer reporting agency, ever disclosed any damaging information about Wantz to a third party. To understand the significance of this fact, we must consider the framework of the statute. As noted above, the Act requires consumer reporting agencies to follow "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the [consumer] report relates." 15 U.S.C. § 1681e(b). Thus, without a consumer report, there is no duty under the Act to follow reasonable procedures. *See Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988) (reasoning that there can be no liability where there is no consumer report); *Field*, 2002 WL 849589, at *5. There is no consumer report unless there is a "communication . . . for the purpose of serving as a factor in establishing the consumer's eligibility for" credit or other statutorily enumerated purposes, 15 U.S.C. § 1681a(d)(1); i.e., there cannot be a consumer report without disclosure to a third party. *Renninger v. Chexsystems*, No. 98 C 669, 1998 WL 295497, at **4-5 (N.D. Ill. May 22, 1998).

In short, where there is no evidence of disclosure to a third party, the plaintiff cannot establish the existence of a consumer report. Without such a report, there could be no duty to follow reasonable procedures regarding the report, nor could damages flow from a breach of that duty. *See*

*Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 267 (5th Cir. 2000) (reasoning that the actionable harm that the Act "envisions is improper disclosure, not the mere *risk* of improper disclosure"); *Field*, 2002 WL 849589, at *5. Wantz has put forth no evidence that Experian disclosed his credit information to a third party.[1] We therefore conclude that Wantz has failed to put forth sufficient evidence of actual damages for emotional distress.

A second reason that Wantz fails to create an issue of fact as to actual damages is that he relies solely on his own conclusory statements of emotional distress. Where, as here, the plaintiff's own testimony is his only evidence of emotional damages, "he must explain the circumstances of his injury in reasonable detail" and not rely on conclusory statements, unless the "facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Denius v. Dunlop*, 330 F.3d 919, 929 (7th Cir. 2003). As noted above, Wantz's only evidence as to emotional damages was his testimony that: (1) he was " 'humiliated and embarrassed' every time he was rejected for credit"; (2) it is "mentally and emotionally distressful when dealing with credit reporting agencies"; and (3) it is "embarrassing to go somewhere and have them check your credit report and see all that stuff on there." This is not one of the few cases in which the facts are so inherently degrading that a jury could infer the existence of emotional distress. *See id.* (reasoning that the plaintiff's assertion that he was "embarrassed and humiliated" did not fall into the inherently degrading

---

[1] Wantz does have evidence that he was denied credit because of the report of another consumer reporting agency, but that agency is not a defendant here.

category). Without further evidence to buttress those assertions, Wantz's case could not go forward. *See id.; Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001) (reasoning that the plaintiff's conclusory assertions about being "very upset" and "angry" were insufficient).

That leaves us with Wantz's argument that he is entitled to what he calls "statutory damages" because of Experian's willful misconduct. The first problem with Wantz's position is that "statutory damages" are unavailable under the Act. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001). To the extent that Wantz is really trying to argue that he is entitled to punitive damages, such relief is available under the Act where the defendant violates the statute willfully. 15 U.S.C. § 1681n. To act willfully, a defendant must knowingly and intentionally violate the Act, and it "must also be conscious that [its] act impinges on the rights of others." *Phillips v. Grendahl*, 312 F.3d 357, 368 (8th Cir. 2002) (collecting cases). In the absence of evidence that Experian disclosed incorrect information about the Virginia judgment to a third party, Wantz cannot even show that it violated the Act's reinvestigation requirement, much less that it consciously impinged on his rights by knowingly and intentionally violating his rights. We therefore conclude that, as a matter of law, Wantz was not entitled to punitive damages.

III.

No reasonable jury could award Wantz actual damages for emotional distress (1) because Wantz presents no evidence that Experian published his credit information to a third party, and (2) because his evidence of emotional distress is limited to his own conclusory assertions, assertions that, even if true, would not lead to the conclusion that his treatment was inherently degrading. Wantz may not reach

a jury with his theory of punitive damages because, in the absence of evidence that Experian shared information about Wantz's credit with a third party, he has no evidence that Experian was conscious that it was impinging on his rights under the Act.

AFFIRMED.

A true Copy:

    Teste:


_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*