UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 10, 2005
Decided July 6, 2005

**Before**

HON. DANIEL A. MANION, *Circuit Judge*

HON. TERENCE T. EVANS, *Circuit Judge*

HON. DIANE S. SYKES, *Circuit Judge*

No. 04-2185

| | |
|---|---|
| Roland Kuehling,<br>  *Plaintiff-Appellant*,<br><br>  *v.*<br><br>Trans Union, LLC,<br>  *Defendant-Appellee*. | Appeal from the United States<br>District Court for the<br>Eastern District of Wisconsin.<br><br>No. 02 C 1148<br><br>Lynn Adelman,<br>*Judge*. |

**O R D E R**

Roland Kuehling was denied credit when attempting to purchase an automobile. He took issue with several items on the credit report maintained by Trans Union, LLC, ("Trans Union") and demanded a reinvestigation pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681i(a)(1)(A) ("FCRA"). Trans Union looked into the matter, concluded that nothing was amiss, and sent its report to Kuehling. But Kuehling never received the report because Trans Union mailed it to the wrong address. So Kuehling sued Trans Union, asserting several violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*

Seventeen months of contentious litigation ensued. The district court eventually entered summary judgment in favor of Trans Union, concluding that Kuehling had failed to produce any evidence that his credit report was inaccurate and, therefore, all of his claims failed. We affirm.

## I.  Background

After Kuehling's credit application was denied by an automobile dealer, he sent a fax to Trans Union disputing five entries on his credit report and requesting a reinvestigation and deletion of the disputed entries.  The fax was sent on October 3, 2002; Trans Union began its reinvestigation of the disputed entries on October 7, 2002, and completed its work on November 1, 2002.  Trans Union concluded upon reinvestigation that none of the specified credit report entries were inaccurate.  Trans Union did modify a few other entries on Kuehling's report, but there has been no dispute between the parties over those modifications.  On November 1, 2002, Trans Union mailed Kuehling's updated credit report to him at the wrong address and he never received it.  Kuehling claims he sent Trans Union a "reminder" letter on November 13 that included his correct address, but Trans Union denies any knowledge of that second letter and Kuehling has no evidence that he actually mailed it.

On November 25, 2002, Kuehling filed suit against Trans Union in the United States District Court for the Eastern District of Wisconsin, alleging the following violations of the FCRA, 15 U.S.C. §§ 1681 *et seq.*: (1) Trans Union failed to conduct a reinvestigation within thirty days as required by § 1681i(a)(1)(A); (2) the reinvestigation was inadequate; and (3) Trans Union's mistake in mailing the updated credit report to the wrong address violated § 1681i(a)(6)(A), which requires that the credit agency notify a consumer of the results of a reinvestigation within five business days of its completion.  Kuehling also asserted a defamation claim under Wisconsin law.

Protracted disputes over discovery and summary judgment briefing stymied the proceedings in the district court; these were handled with patience by United States District Court Judge Lynn Adelman.  Fifteen months into the litigation and two months before trial was set to commence, Kuehling filed a motion to amend his complaint.  The district court denied the motion on the grounds that the proposed amendments were known to Kuehling for many months (some since before the suit was even filed), that Kuehling offered no explanation for the delay, and that granting the amendment so late in the litigation would prejudice Trans Union and inconvenience the court.

The court held a status conference on April 7, 2004, at which it ruled on Trans Union's motion for summary judgment.  Though provided with notice of the conference, neither Kuehling nor his counsel bothered to attend.  The court held that Kuehling had not produced any evidence suggesting that Trans Union failed to conduct a reinvestigation within thirty days of his request, as required by § 1681i(a)(1)(A).  Evidence in the form of Trans Union employee affidavits established that the reinvestigation was commenced on October 7, 2002, within days of Kuehling's October 3 request, and was completed on November 1, 2002.  Because Kuehling had produced no evidence disputing this chronology, the court granted summary judgment for Trans Union on Kuehling's first claim.

As to Kuehling's second claim, the court held that Kuehling had failed to produce any admissible evidence suggesting that his credit report contained inaccuracies or that Trans Union's reinvestigation was inadequate. The court noted that Kuehling had not made it clear whether he was bringing this claim under § 1681i(a)(1)(A), which specifies a credit agency's duties upon a consumer's request for reinvestigation, or § 1681e(b), which requires credit agencies to "follow reasonable procedures to ensure maximum possible accuracy" in credit reports. Either way, the court held that the evidence was insufficient to create a triable issue of fact. In this regard, the court noted that the sum total of Kuehling's "evidence" was an unauthenticated letter from one of his creditors dated April 7, 2003, five months after Trans Union completed its reinvestigation of Kuehling's credit report. The letter contains a statement by the creditor indicating that an entry from Kuehling's credit report would be deleted due to discrepancies the creditor had found in an account. The district court disregarded the letter, concluding that it was inadmissible because it was submitted without a supporting affidavit verifying its authenticity. Alternatively, the court concluded that the letter, even if admissible, would not have created a genuine issue of fact for trial because it only identified a problem with Kuehling's credit report in April 2003, five months *after* the Trans Union reinvestigation that was the subject of the lawsuit.

The district court also dismissed Kuehling's claim that Trans Union violated § 1681i(a)(6)(A) by failing to notify him of the results of the reinvestigation within five days of completion. Trans Union admitted that it mailed the results of its reinvestigation to an incorrect address and that by doing so had failed to comply with the statute. But the court noted there is civil liability under FCRA only for willful or negligent failures to comply with the law. *See* 15 U.S.C. §§ 1681n, 1681o. The court held that although a jury could infer negligence from the mailing mistake, Kuehling failed to produce any evidence that he had been harmed. Referring back to the lack of evidence of inaccuracies in the credit report, the court concluded that if the reinvestigation report had arrived at the correct address within the statutorily mandated time frame, nothing would have been different.

Finally, the court dismissed Kuehling's state-law defamation claim on the basis of the same deficiencies in the evidence. Without evidence of any inaccuracies in the credit report, Kuehling could not satisfy the first element of a Wisconsin defamation claim—namely, the existence of a false statement made by the defendant.

Kuehling moved for reconsideration on the basis of newly discovered evidence, in particular a copy of his credit report dated March 31, 2004, in which one of the accounts he had disputed was deleted. The court denied the motion, concluding that any evidence concerning the state of Kuehling's credit report in early 2004 was immaterial to his claims against Trans Union, all of which related to events that occurred more than a year earlier. Kuehling appealed.

## II. Discussion

Our review of a grant of summary judgment is de novo. *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 885 (7th Cir. 2001). We apply the same methodology as the district court. Summary judgment will be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We view all the facts and draw all reasonable inferences therefrom in favor of the nonmoving party. *See Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 771 (7th Cir. 2002). However, to survive summary judgment, the nonmoving party may not rely on mere allegations; he must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-23.

The first issue on appeal is the district court's denial of Kuehling's motion to amend his complaint, filed two months before the trial was set to begin and well over a year after the suit was initiated. Leave to amend a complaint should be freely granted when justice so requires, but the court need not permit an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001). We review a district court's decision to deny leave to amend for an abuse of discretion. *Bethany Pharmacal*, 241 F.3d at 861. The district court denied Kuehling's motion to amend because of undue and unexplained delay and prejudice to Trans Union, given that it was filed so late in the litigation. These are proper grounds for denial; we see no abuse of discretion here.

As for the court's summary judgment ruling, Judge Adelman's analysis of Kuehling's FCRA and defamation claims was correct in every respect. Kuehling has brought forward no evidence to suggest that Trans Union failed to conduct a reinvestigation within thirty days of his request; summary judgment dismissing his claim under § 1681i(a)(1)(A) was entirely appropriate.

In addition, Kuehling has produced no evidence tending to establish that his credit report was inaccurate. The district court disregarded the April 2003 letter from one of Kuehling's creditors as inadmissible because it was not submitted with an affidavit attesting to its authenticity; this was not an abuse of discretion. *See Scott v. Edinburg*, 346 F.3d 752, 759-60 (7th Cir. 2003); FED. R. CIV. P. 56(e). In the alternative, the court concluded that the letter, even if considered, did not create an issue of fact for trial because it pertained to a problem in Kuehling's credit report five months *after* the reinvestigation in question in this case. Without evidence of some inaccuracy in the Trans Union report or reinvestigation, Kuehling cannot establish that Trans Union violated the FCRA—either § 1681e(b) *or* § 1681i(a)(1)(A). "In the absence of evidence that [the defendant] disclosed incorrect information . . . to a third party, [plaintiff] cannot even show that it violated the Act's reinvestigation requirement." *Wantz v. Experian Info. Sys.*, 386 F.3d 829, 834 (7th Cir. 2004).

The same analysis applies to Kuehling's claim that Trans Union violated the FCRA's notice provision, 15 U.S.C. § 1681i(a)(6)(A). While Trans Union has admitted sending Kuehling's updated report to the incorrect address, Kuehling has no evidence that this mistake injured him. As the district court properly noted, if the reinvestigation report had been sent to the correct address, nothing would have been different. A suit for actual damages under FCRA requires a showing that the plaintiff suffered harm. "Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages.'" *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001). Kuehling has not produced evidence of a loss of credit or other harm causally linked to the mailing mistake.

Finally, Kuehling's defamation claim collapses for essentially the same reasons. Because he has not produced evidence that his credit report contained any inaccuracies, he cannot get past even the first element of a defamation claim. Under Wisconsin law, the elements of a defamation claim are: "(1) a false statement, (2) communicated by speech, conduct, or in writing to a person other than the person defamed, and (3) the communication is unprivileged and is defamatory, that is, tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from association or dealing with him or her." *Hart v. Bennet*, 672 N.W.2d 306, 317 (Wis. Ct. App. 2003). Kuehling has failed to produce evidence of a false statement by Trans Union.

Kuehling complains that his ability to adequately respond to Trans Union's summary judgment motion was hampered by what he characterizes as the district court's mishandling of various discovery disputes and requests for discovery sanctions; he claims that the court "endors[ed] Trans Union's untimely tomfoolery" with respect to these discovery disputes and otherwise allowed itself to be "hoodwinked" by Trans Union's counsel. Discovery disputes and requests for sanctions under Rule 37 of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court and are reviewed only for abuse of discretion. *Melendez v. Ill. Bell Tel. Co.*, 79F.3d 661, 670 (7th Cir. 1996). Kuehling's rambling criticism of the district court's management of the discovery process does not sufficiently identify an abuse of discretion on the judge's part—certainly not one that would have made any difference given the substantial weaknesses in Kuehling's case. As we have noted, Judge Adelman handled this unnecessarily difficult lawsuit with patience, giving Keuhling more than ample opportunity to make his case for a trial. We see no basis upon which to find an abuse of discretion.

For the foregoing reasons, the judgment is AFFIRMED.