## In the

## United States Court of Appeals

### For the Seventh Circuit

————

No. 04-1127

MARY RUFFIN-THOMPKINS,

*Plaintiff-Appellant,*

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

*Defendant-Appellee.*

————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 0683—**Harry D. Leinenweber**, *Judge.*

————

ARGUED NOVEMBER 8, 2004—DECIDED SEPTEMBER 7, 2005

————

Before BAUER, EASTERBROOK, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* Mary Ruffin-Thompkins filed suit against Experian Information Solutions, Inc., alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* The district court granted summary judgment in favor of Experian. We affirm.

## I. Background

This claim arose because of a dispute between Ruffin-Thompkins and Grossinger City Toyota. Ruffin-Thompkins filed a lawsuit against Grossinger alleging violations of the Illinois Consumer Fraud Act and the Deceptive Business

Practices Act relating to Grossinger's sale of a car to Ruffin-Thompkins. The parties settled. According to the July 2002 settlement agreement, Grossinger agreed to pay off any remaining loan balance, to void Ruffin-Thompkins's obligation to buy the car, and to pay Ruffin-Thompkins $5000. In spite of this settlement, the lender that issued the automobile loan, US Bank, incorrectly reported to Experian that the US Bank account in Ruffin-Thompkins's credit report should read: "Repossession/Past Due 30 Days."

In early October 2002, Ruffin-Thompkins requested a credit report from Experian and discovered the US Bank notation. She sent a dispute letter to Experian on October 3 which stated:

> I am requesting that repossession of an automobile be deleted immediately from my credit report. The Grossinger City Toyota, Inc. was sued because they presented a contract with fraudulent signatures to a bank, therefore I never had an account with this company, as a result o[f] their action Grossinger City Toyota was sued . . . . The case was settled in our favor on July 8, 2002. A copy of the disposition is [inclosed].

Included with the letter was an incomplete Credit Report Dispute Form with the "Creditor Information" and "Dispute/Comments" lines left blank. Ruffin-Thompkins also included a letter from her attorneys to Grossinger City Toyota stating their intent to represent her in the lawsuit against Grossinger. None of these documents mentioned US Bank or specified which account she was disputing. Experian therefore issued a response on October 14, 2002, stating, "[u]sing the information provided the following item was not found: Grossinger City Toyota."

Ruffin-Thompkins contends that she sent another letter on October 21 to US Bank and Experian requesting that the repossession notation be removed from her account. Experian claims that it never received the letter, and

Ruffin-Thompkins was unable to produce the document during discovery.

On December 10, 2002, Ruffin-Thompkins sent another letter to Experian, this time specifying that she was "disputing the US Bank's report to your Credit Bureau," and including a letter from her attorney informing her of the settlement with Grossinger and another copy of the same letter from her attorney to Grossinger that she sent with the October 3 dispute letter. Experian received this information on December 23.

Now on notice of the dispute, an Experian customer service representative reviewed the materials sent by Ruffin-Thompkins and generated a Consumer Dispute Verification form ("CDV"). The CDV, briefly explaining the nature of Ruffin-Thompkins's dispute and asking the bank to verify or amend the reported information, was sent to US Bank on January 2, 2003. In the CDV, Experian described the nature of the dispute as "Claims Company Will Change or Delete." Experian gave no additional explanation, nor did it send the documents that Ruffin-Thompkins provided.

US Bank's response, received by Experian on January 9, stated, "Account Closed at Consumer's Request" and "Acct Closed Zero Balance." US Bank did not request that Ruffin-Thompkins's account be deleted; instead, the account was updated. On January 16, Experian sent confirmation of the reinvestigation to Ruffin-Thompkins. The reinvestigation summary explained that the US Bank account would still be reported in the credit report as "Paid/Was a reposses-sion," but that a comment had been added stating, "Account closed at consumer's request." The summary also provided that if Ruffin-Thompkins disagreed with this outcome, she could contact the creditor directly or, according to the FCRA, she could "add a statement [to the credit file] disputing the accuracy or completeness of the information."

Instead of using one of the proposed remedies, Ruffin-

Thompkins filed this FCRA claim against Experian on January 30, 2003. On April 5, 2003, pursuant to US Bank's instructions, Experian deleted the US Bank account from Ruffin-Thompkins's credit file.

## II.  Analysis

We review *de novo* the district court's grant of summary judgment. *See Lamers Dairy Inc. v. USDA*, 379 F.3d 466, 472 (7th Cir. 2004) (citation omitted). Summary judgment is properly granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that "might affect the outcome of the suit" under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We view the facts in the light most favorable to Ruffin-Thompkins, the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Experian has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. However, Ruffin-Thompkins retains the burden of producing enough evidence to support a reasonable jury verdict in her favor. *See Anderson*, 477 U.S. at 256. "[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue

of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

Ruffin-Thompkins argues that Experian willfully and negligently failed to conduct a reasonable reinvestigation of her dispute and failed to delete the inaccurate information from her file after investigation in violation of § 1681i(a).[1] The parties agree that Experian is the type of "consumer reporting agency" that is regulated by the FCRA. *See* 15 U.S.C. § 1681a(f).

The FCRA provides that, "[w]henever a consumer report-ing agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accu-racy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). "Once a consumer report exists, [the FCRA] triggers various duties on the part of a reporting agency, including the obligation to reinvestigate when a consumer contends that [her] consumer report is inaccurate or incomplete[.]" *Wantz v. Experian Info. Solutions*, 386 F.3d 829, 832 (7th Cir. 2004) (citing 15 U.S.C. § 1681i(a)). If Experian negligently violated any duty imposed by the statute, Ruffin-Thompkins may collect "actual damages," costs, and fees. *See* 15 U.S.C. §§ 1681n, 1681o. If there was a willful violation, punitive damages are also available. *See* 15 U.S.C. § 1681n.

Ruffin-Thompkins alleges that Experian did not perform a reasonable reinvestigation of her dispute under § 1681i,

---

[1] Because she did not develop arguments relating to these claims in her appellate brief, Ruffin-Thompkins has abandoned her claims that (1) Experian willfully and negligently failed to maintain reasonable procedures to assure maximum possible accuracy in its credit report in violation of § 1681e(b), and (2) Experian willfully and negligently failed to note her dispute on her report in violation of § 1681i(c). *See, e.g.*, *Hershinow v. Bonamarte*, 735 F.2d 264, 266 (7th Cir. 1984).

which states:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer[.]

15 U.S.C. § 1681i(a)(1)(A). Before any discussion of the reasonableness of the reinvestigation is necessary, however, Ruffin-Thompkins must show that she "suffered damages as a result of the inaccurate information." *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004); *see also Wantz*, 386 F.3d at 833 ("It is the plaintiff's burden to establish that [s]he is entitled to damages.") (citation omitted). "Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages[.]'" *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001) (citations omitted). Our analysis, therefore, begins with a discussion of damages.

The district court found that Ruffin-Thompkins did not show that she suffered any damages because of the inaccuracy in her credit report during Experian's period of liability. "Experian must be notified of an error before it is required to reinvestigate. As we have made clear, the FCRA is not a strict liability statute." *Sarver*, 390 F.3d at 971 (citation omitted); *see also* 15 U.S.C. § 1681i(a)(1)(A) (requiring the consumer to notify the agency before the duty to reinvestigate arises). No reinvestigation is required until the credit reporting agency is notified of an error because

"to require otherwise would be burdensome and inefficient," and "[t]he consumer is in a better position than the credit reporting agency to detect errors[.]" *Henson v. CSC Credit Servs.*, 29 F.3d 280, 286 (7th Cir. 1994). The test set forth in *Henson* provides:

> Whether the credit reporting agency has a duty to go beyond the original source will depend, in part, on whether the consumer has alerted the reporting agency to the possibility that the source may be unreliable or the reporting agency itself knows or should know that the source is unreliable. The credit reporting agency's duty will also depend on the cost of verifying the accuracy of the source versus the possible harm inaccurately reported information may cause the consumer.

*Id.* at 287.

Because Experian had no reason to believe that US Bank was an unreliable source, Experian's period of liability did not begin until December 23, 2002, when it received notice of Ruffin-Thompkins's dispute. Ruffin-Thompkins argues here that Experian was aware of her dispute in October. The October 3 letter did not prompt a full reinvestigation by Experian because the notice was incomplete, and the FCRA permits the termination of a reinvestigation if the credit reporting agency determines that the complaint is frivolous, "including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3).

There is no evidence that Experian received the letter that Ruffin-Thompkins purportedly sent on October 21. Regardless, Ruffin-Thompkins did not mention either of the October letters in her response to Experian's summary judgment motion and did not argue to the district court that these letters put Experian on notice of her dispute. Therefore, any arguments to that effect have been waived. *See, e.g.*, *Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d

1195, 1197 (7th Cir. 1999) (finding that arguments not presented to the district court in response to a summary judgment motion are deemed waived on appeal).

In an attempt to show damages, Ruffin-Thompkins claims that she was denied credit from CarMax, Amcore Bank, Premier Bankcard, Providian Financial, and Capital One Finance. It is true that inquiries from some of these companies appeared in her credit file (there is no reference to Amcore Bank), but, as noted by the district court, "[a]ll but one of the requests for her credit history . . . took place well before December 2002, when Experian's period of potential liability began."[2]

Premier Bankcard did request a credit report in January 2003, during Experian's period of liability, but it was not in response to a credit application submitted by Ruffin-Thompkins. The request by Premier Bankcard appears on her credit report under the heading, "Requests viewed only by you." As explained on the report, "You may not have initiated the following requests for your credit history, so you may not recognize each source. We offer credit information about you to those with a permissible purpose, for example, to: other creditors who want to offer you preapproved credit . . . ." Experian provided evidence that Premier Bank has no record of active or closed accounts for Ruffin-Thompkins and no record of active or closed credit cards or credit applications that were denied.

---

[2] One category of the credit report, "Requests viewed by others," lists those companies that review a consumer's credit history as a result of the completion of a credit application, loan application, or something similar. On Ruffin-Thompkins's credit report there are several inquiries listed in this category, including those from CarMax (request on 9/28/02) and Capital One Finance (request on 10/18/02). Providian Financial appeared in the "Requests viewed only by you" category (requests in October and November 2000).

Ruffin-Thompkins did not show that she suffered any pecuniary damages or that she was denied credit because of the inaccuracy in her credit report; therefore, even if she could prove that Experian violated a duty it owed to her under the FCRA, she cannot establish "a causal relation between the violation of the statute and the loss of credit . . . ." *Crabill*, 259 F.3d at 664.

She next argues that she is entitled to damages for emotional distress. She insists that in FCRA cases, the plaintiff need not produce evidence of emotional damages with a high degree of specificity. *See Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 n.3 (3d Cir. 1996). *Philbin*, however, is not the law of this circuit. This court has "maintained a strict standard for a finding of emotional damage because they are so easy to manufacture." *Sarver*, 390 F.3d at 971 (quotation omitted). We require that "when the injured party's own testimony is the only proof of emotional damages, [s]he must explain the circumstances of [her] injury in reasonable detail; [s]he cannot rely on mere conclusory statements." *Id.* (quotation omitted).

On appeal, Ruffin-Thompkins points to an interrogatory answer stating that she suffered from hypertension: "Plaintiff's pressure was 190 over 210 to which Plaintiff was told she was stroke level." Ruffin-Thompkins, however, made no mention to the district court of her hypertension in response to Experian's motion for summary judgment. The interrogatory answer was included in the record before the district court—it was attached as an exhibit to Experian's motion for summary judgment—but Ruffin-Thompkins had the burden to point to this information to show that a genuine issue of fact existed; the district court "need not scour the record" to find such evidence. *See L.S. Heath & Son, Inc. v. AT&T Info. Sys., Inc.*, 9 F.3d 561, 567 (7th Cir. 1993). The appellate stage "is too late to specify portions of the record which may create an issue of material fact." *Doe v. Cunningham*, 30 F.3d 879, 885 (7th Cir. 1994) (citation

omitted).

Other than this allegation of hypertension that was not properly before the district court and, therefore, will not be considered here, Ruffin-Thompkins provided, at most, conclusory statements about her emotional distress. She describes the emotional distress felt by plaintiffs in other FCRA cases and states that "[i]n similar predicaments, others have described their anguish." But, Ruffin-Thompkins does not explain *her* injury in any reasonable detail. Quoting caselaw, she argues instead that because Experian's actions were "inherently degrading or humiliating," it is reasonable "to infer that a person would suffer humiliation or distress from that action; consequently, somewhat more conclusory evidence of emotional distress [should] be acceptable to support an award for emotional distress." *United States v. Balistrieri*, 981 F.2d 916, 932 (7th Cir. 1992).

Despite Ruffin-Thompkins's insistence that a jury should decide whether Experian's actions were inherently degrading or humiliating, she simply does not raise any genuine issue of material fact on that point. *See Wantz*, 386 F.3d at 834 (finding that plaintiff's testimony that he was "humiliated and embarrassed" and that dealing with credit reporting agencies is "mentally and emotionally distressful" was "not one of the few cases in which the facts are so inherently degrading that a jury could infer the existence of emotional distress.").

The FCRA does not presume damages; instead, as discussed above, the consumer must affirmatively prove that she is entitled to damages. *See id.* at 833. Therefore, the violation of a duty imposed by the statute, without more, is not "inherently degrading or humiliating." Ruffin-Thompkins did not meet our "high threshold for proof of damages for emotional distress." *Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 880 (7th Cir. 2001). Because she also

did not demonstrate "actual damages," her § 1681i claim fails. Summary judgment was properly granted in favor of Experian.

We are left with Ruffin-Thompkins's argument that she is entitled to "statutory and punitive damages" because Experian "willfully fail[ed] to comply with" the FCRA. 15 U.S.C. § 1681n. "To act willfully, a defendant must knowingly and intentionally violate [the FCRA], and it must also be conscious that [its] act impinges on the rights of others." *Wantz*, 386 F.3d at 834 (quotation omitted). The district court correctly found that "[b]ecause Ruffin-Thompkins's claim under the FCRA cannot survive, it follows, *a fortiori*, that the Court must deny her claim for punitive or statutory damages."

We conclude by noting that we sympathize with Ruffin-Thompkins's frustration. It seems that Experian has a systemic problem in its limited categorization of the inquiries it receives and its cryptic notices and responses. For example, there is the meaningless communication Ruffin-Thompkins received from Experian in response to her notice of dispute: "Using the information provided the following item was not found: Grossinger City Toyota." Another example is the opaque notice of dispute sent by Experian to US Bank: "Claims Company Will Change or Delete." Moreover, in what appears to be an unresponsive form letter rather than the report of an adequate investigation into her claim, Ruffin-Thompkins was notified that the "Paid/Was a repossession" notation would remain in her report and the only change would be the addition of: "Account closed at consumer's request." It may be that Experian should consider including additional categories on its CDV forms or requiring its investigators to explain more completely the nature of the dispute in the comment section. Today, however, we need not determine whether this potential problem with Experian's reinvestigation procedures led to a violation of the duty imposed by the

FCRA because Ruffin-Thompkins's inability to show damages dooms her claim.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the grant of summary judgment in favor of Experian.

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*