UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 19, 2006[*]
Decided July 20, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

No. 06-1935

| | |
|---|---|
| LINDA L. SHELTON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 05 C 6350 |
| D.L. HAYES, et al., *Defendants-Appellees.* | Charles P. Kocoras, *Judge.* |

**O R D E R**

Dr. Linda Shelton appeals the district court's denial of her motion to vacate the dismissal of her complaint alleging violations of 42 U.S.C. §§ 1981 and 1983; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and state law.  We affirm.

---

[*] Because there are no appellees to be served in this appeal, the appeal has been submitted without the filing of a brief by the appellees.  After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the brief and the record.  *See* Fed. R. App. P. 34(a)(2).

Shelton, a physician, sued more than 20 defendants[1] over a dispute that arose when she was arrested for trespass after attempting personally to serve legal papers in her medical malpractice lawsuit against Advocate Christ Hospital. Shelton alleged that she was subjected to "excessive force and brutality" by police, was treated "negligently" by "bias[ed]" medical staff, and was denied adequate medical care, shelter, food, and water "amount[ing] to torture" during the 24 hours she spent in jail. At initial screening, the district court dismissed Shelton's claims without prejudice under 28 U.S.C. § 1915(e)(2)(B) because her allegations of mistreatment "at the hands of everyone she has encountered" combined with "the sheer volume of ailments she professes plague her every action . . . are factually fantastic." The court added that if Shelton did not within one month file a complaint "firmly rooted in plausible allegations that supplies a short and plain statement of her claim for relief," the dismissal would become one with prejudice to her refiling in federal court.

Shelton, however, filed a motion to vacate the order of dismissal, arguing generally that the dismissal was "arbitrary and unfair" but pointing to no specific legal error. Because the motion was filed within 10 days of the entry of judgment, the district court construed it under Fed. R. Civ. P. 59(e). The court denied the motion because Shelton merely reiterated her prior allegations in greater detail without remedying the deficiencies identified by the court in the dismissal order. On December 22, 2005, the court issued a minute order dismissing the complaint with prejudice to Shelton's refiling in federal court.

Nearly three months later, Shelton filed a motion requesting that the minute order be vacated and that she be allowed to amend her complaint. In the motion she alleged that the district court's order was "insulting, baseless, [and] biased," and that she should be allowed to proceed because her claims "are verifiable fact." The district court denied the motion because relief under Fed. R. Civ. P. 60(b) was not available for mere "disagreement with the basis upon which we rendered our decision."

On appeal Shelton argues that the district court erred in denying her Rule 60(b) motion because it overlooked her proffered excuse that she was unable to comply with the court's earlier orders because at times she was either ill or incarcerated. This argument is frivolous. While it is true that Shelton briefly refers

---

[1] The defendants are the following entities and certain of their individual employees: Chicago Police Department, the law firm of Ruff, Weidenaar & Reidy (counsel for Advocate Christ Hospital), Tishman Speyer Properties (manager of the building where Ruff, Weidenaar & Reidy maintains an office), Cook County State's Attorney's Office, Cook County, and the City of Chicago.

to these circumstances in an 81-page exhibit attached to her motion, her motion itself does not even mention illness or incarceration. The district court cannot be expected to scour voluminous exhibits in search of any conceivable legal argument. *See Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 609–10 (7th Cir. 2005). Shelton's motion, therefore, lacked sufficient specificity to put the district court on notice that she was asserting illness and incarceration as excusable neglect under Rule 60(b). *See* Fed. R. Civ. P. 7(b)(1) (motions "shall state with particularity the grounds therefor"); *see Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). Accordingly, the district court did not abuse its discretion by denying Shelton's request to vacate the order of dismissal.

We therefore AFFIRM the district court's judgment, and ORDER Shelton to show cause within 14 days why she should not be sanctioned for filing this frivolous appeal. *See* Fed. R. App. P. 38.