**CLAFFEY**

v.

**RIVER OAKS HYUNDAI, et al.**

No. 06 C 310.

United States District Court, N.D. Illinois.

May 9, 2007.

Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Thomas Everett Soule, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, for Claffey.

Ira M. Levin, Burke, Warren, Mackay & Serritella, P.C., Linda Beth Dubnow, Brian Patrick O'Meara, Kristin Henrichs Sculli, Erin Kelly McAllister, McGuirewoods LLP, Curtis Charles Warner, Warner Law Firm, LLC, John P. Palumbo, Langhenry, Gillen & Lundquist, Meghan E. Norton, Philip F. Ackerman, Robert M. Andalman, Sonnenschein, Nath & Rosenthal, LLP, Chicago, IL, for River Oaks Hyundai, et al.

KENNELLY, District Judge.

Defendant COAF's motion for leave to file a surreply is granted [docket no. 86–1, 2, 3, 4 & 5]; plaintiffs' response in opposition to that motion will be considered as its response to COAF's surreply. For the reasons stated below, the Court defers ruling on plaintiffs' motion for a determination that COAF has waived the attorney-client privilege or for an order barring certain evidence. The Court directs COAF to submit, by 5/23/07, a proffer in which it must identify, with particularly, the documents and other evidence it will offer to support its "reasonable procedures" contention. The Court will thereafter determine, based on COAF's proffer, whether it has waived the protection of the attorney-client privilege. The status hearing / ruling date of 5/10/07 is vacated and reset to 5/30/07 at 9:30 a.m.

## STATEMENT

The plaintiffs in these consolidated cases allege that the defendants, Capital One Auto Finance, Inc. and several automobile dealers, willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681b, by accessing or using the plaintiffs' credit information without their permission and without any other legal basis. The defendants contend that they permissibly accessed the plaintiffs' credit information for the purpose of making a "firm offer of credit" as that term is defined in 15 U.S.C. § 1681a($l$), and they deny that they willfully violated the FCRA. The plaintiffs ar-

gue that the defendants' credit offers did not satisfy the requirements of the firm offer of credit exception.

The plaintiffs have moved for entry of an order finding that COAF has waived its attorney-client privilege by asserting that it did not willfully violate the FCRA, or by offering certain evidence to support that assertion, or both. Alternatively, the plaintiffs argue, COAF should be precluded from denying the claim of willfulness or should be barred from relying on certain evidence.

■■■ The attorney-client privilege may be waived "when the client asserts claims or defenses that put his attorneys' advice at issue in the litigation." *Garcia v. Zenith Electronics Corp.*, 58 F.3d 1171, 1175 n. 1 (7th Cir.1995). COAF has not waived the privilege, however, merely by asserting that it did not willfully violate the statute. Among other reasons, willfulness is not a "defense"—even though COAF incorrectly pled it as such. Rather, it is part of what a plaintiff has to prove to recover damages. *See Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir.2004) (affirming denial of "willfulness" damages on the ground that plaintiff was unable to prove willfulness). The plaintiffs have offered no authority for the proposition that *they* can force a waiver of COAF's attorney-client privilege simply by injecting the issue of willfulness into the case, or that COAF has waived the privilege simply by denying the plaintiffs' willfulness allegation. Indeed, to waive the attorney-client privilege, "a defendant must do more than merely deny a plaintiff's allegations. The holder [of the privilege] must inject a new factual or legal issue into the case." *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1098 (7th Cir.1987).

■■■ The fact that COAF's state of mind theoretically might have been affected by advice of legal counsel does not put the privilege in issue, unless COAF uses advice by counsel to support its denial of willfulness. *See, e.g., Rhone–Poulenc Rorer,· Inc. v. The Home Indemnity Co.*, 32 F.3d 851, 863 (3d Cir.1994). If COAF supports its denial of the willfulness allegation with a contention or evidence that it relied on advice by legal counsel, then it will be deemed to have waived the attorney-client privilege. *Id.* But as a general rule, an implied waiver of this type happens only if a party uses privileged communications to defend itself or attack its opponent. *See, e.g., Chamberlain Group v. Interlogix, Inc.*, No. 01 C 6157, 2002 WL 467153, *2 (N.D.Ill. Mar. 27, 2002); *Trustmark Ins. Co. v. General & Cologne Life Re of Amer.*, No. 00 C 1926, 2000 WL 1898518, *7 (N.D.Ill. Dec. 20, 2000). COAF's mere denial of willfulness does not effect an implied waiver of its attorney-client privilege.

COAF also contends that it should not be held liable for a willful FCRA violation because it maintained reasonable procedures to ensure compliance with the FCRA. It is unclear, and the parties have not discussed, whether COAF's reasonable procedures contention amounts to an affirmative defense. The Court will leave that issue and its implications for another day.

■■■ COAF says it does not intend to use privileged communications to support its reasonable procedures argument. *See, e.g.,* Def.'s Resp. to Pl.'s Mot. at 2, 7, 11. Based on the materials presented, however, it appears that COAF intends to rely on documents reflecting that its usual processes included consultation with legal counsel. *See, e.g.,* Def.'s Ex. 14. Though COAF says it does not intend to argue that its personnel *actually* consulted with counsel, its introduction of such documents would leave a fact finder with the distinct impression that COAF relied on advice by

counsel on the matters at issue in this case. Were COAF allowed to create this impression but still maintain its attorney-client privilege, it would in effect be using the privilege as both a shield and a sword, which is not permitted. *See, e.g., United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.1991). COAF "cannot have it both ways; [it] cannot seek refuge in consultation with counsel as evidence of [its] good faith yet prevent [plaintiffs] from discovering the contents of the communication." *Dorr–Oliver, Inc. v. Fluid–Quip, Inc.,* 834 F.Supp. 1008, 1012 (N.D.Ill.1993).

If, therefore, COAF actually relies on any documents or other evidence that would tend to suggest that its procedures included consultation with counsel, it will be deemed to have waived its attorney-client privilege. COAF has, by its response to plaintiffs' motion, indicated its intention to rely on such evidence. The Court does not wish, however, to lightly assume a waiver of the attorney-client privilege. For this reason, now that COAF knows where the Court has drawn the line, the Court will give COAF the opportunity to make a final determination what it intends to use to support its arguments in this case. The Court directs COAF to submit, within fourteen days of this order, a proffer in which it must identify, with particularly, the documents and other evidence it will offer to support its "reasonable procedures" contention. The Court will thereafter determine, based on COAF's proffer, whether it has waived the protection of the attorney-client privilege. Ruling on the plaintiffs' motion is therefore deferred pending submission of COAF's proffer.