NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 5, 2010[*]
Decided May 5, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3926

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:08-CV-00132-PPS |
| EQUIFAX INFORMATION SERVICES LLC, *Defendant-Appellee*. | Philip P. Simon, *Chief Judge*. |

**O R D E R**

Christopher Washington appeals from an order granting summary judgment to Equifax Information Services LLC on his claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. We affirm the district court's decision.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Washington's identity allegedly was stolen in 2007.  He asserts that he reported the identity theft to the three leading consumer reporting agencies, including Equifax (though Equifax has no record of being contacted directly by Washington before this suit).  In 2008 he applied for a loan but was turned down, he says, because of uncorrected inaccuracies in his credit report resulting from the theft.  Washington sued Equifax, claiming that the company violated the FCRA by disseminating false information about his credit history, 15 U.S.C. § 1681e(b), and failing to employ reasonable procedures to investigate the accuracy of its information after he reported the identity theft, *id.* § 1681i(a).  He also claims that his credit problems caused his marriage to fail and left him suicidal and unable to work.

In granting Equifax's motion for summary judgment, the district court determined that Washington's claims failed because he had not made any showing that his credit file was inaccurate or rebutted Equifax's evidence that it maintained reasonable procedures to ensure the accuracy of its reports.  In addition the court concluded that Washington had not demonstrated that he suffered any damages.

On appeal Washington reasserts that Equifax violated the FCRA by failing to remove inaccurate items from his credit report, even after the company was notified of inaccuracies.  We agree with the district court that Washington failed to offer evidence that would create a genuine fact issue for trial.  Washington did not produce any evidence showing that his Equifax credit report was inaccurate, as required by § 1681e(b).  *See Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004), *abrogated on other grounds by Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).  Nor did he rebut Equifax's evidence that it uses reasonable procedures to assure that its consumer reports are accurate, and such procedures protect the company from liability under both § 1681e(b) and § 1681i(a).  *See Henson*, 29 F.3d at 284.

Washington also contends that he adequately proved damages in the district court.  Although Washington submitted hundreds of pages of records to the court documenting his medical problems, he did not establish that these problems (or any other damages) were causally connected to some violation by Equifax of the FCRA.  *See Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001).

Accordingly, we **AFFIRM** the district court's judgment.