**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 10-2249

FRANK M. BARREPSKI, JR., ET AL.,

Plaintiffs, Appellants,

v.

CAPITAL ONE BANK,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor,  U.S. District Judge]

Before

Torruella, Boudin and Thompson,
Circuit Judges.

Frank M. Barrepski, Jr. and Carrie M. Barrepski on brief pro
se.
Robert C. Brady and Timothy J. Duva on brief for appellee.

September 23, 2011

**Per Curiam**.  In this pending appeal, the Massachusetts district court (1) removed the entry of a default that had been entered against appellee Capital One Bank and (2) dismissed the complaint filed by appellants Frank Barrepski and his wife, Carrie. This complaint, in turn, was based on Capital One's failure to have corrected allegedly inaccurate information contained in Frank Barrepski's credit report -- i.e., that he owed money to Capital One for charges that had been made to his credit card.  Appellants claimed that this conduct violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b).  We find no abuse of discretion in the removal of the default but disagree with the district court's conclusion that appellants have failed to state a claim for a violation of § 1681s-2(b).  For purposes of the following, we assume familiarity with the facts.

1.  As for the removal of the entry of default, we begin by emphasizing our "philosophy that actions should ordinarily be resolved on their merits."  Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989).  In light of this preference, it is dispositive (1) that Capital One missed the deadline for responding to the complaint by less than two weeks (assuming, without deciding, that service had been properly effected on July 30, 2009) and (2) that appellants have shown no prejudice attributable to this very brief delay.  As a result, the district court plainly did not abuse its discretion in vacating the default.  See KPS & Associates, Inc. v.

Designs By FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003) (a district court's decision to vacate an entry of default will not be overturned unless it is "clearly wrong"; internal quotation marks and citation omitted). Appellants also have not proffered any viable reasons why the lower court abused its discretion in denying their motion for reconsideration.

2. Section 1681s-2(b) sets forth the duties of those who furnish consumer information to credit reporting agencies (CRAs), such as Experian, the agency that prepared Barrepski's credit report. Under that statute, after a furnisher, such a Capital One, receives notice from a CRA that a consumer disputes the accuracy of information that the furnisher has provided to the CRA, the furnisher must conduct a reasonable investigation, take appropriate action, and report the results of the investigation back to the CRA. See Chiang v. Verizon New England Inc., 595 F.3d 26, 35-36 (1st Cir. 2010).

Prior to invoking this right, however, the consumer must notify the pertinent CRA of the dispute. Id. at 35. Once notice has been given, the CRA then is required to advise the furnisher of the dispute and to provide the furnisher with the relevant information. Id. The furnisher's obligation to conduct an investigation, and its period of liability, begins ONLY upon the furnisher's receipt of notice FROM THE CRA; notice directly from the consumer is not enough. Id. at 35 n.8. Here, appellants

-3-

allege that they notified Experian, the pertinent CRA, of their dispute on June 11, 2009, and, although they did not allege the date that Experian provided the required notice to Capital One, Capital One does not claim that it did not receive such notice.

In evaluating whether appellants' complaint states a claim under § 1681s-2(b), we begin with Fed. R. Civ. P. 8(a)(2). Under this Rule, a plaintiff is required to provide "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Sepulveda-Villarini v. Department of Educ. of Puerto Rico, 628 F.3d 25, 28-29 (1st Cir. 2010) (internal punctuation and citations omitted). As we have explained, [t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Id. at 29.

In concluding that appellants had not met this standard, the magistrate judge to whom the matter had been referred, and whose report the district judge adopted, gave three reasons, all of which we find unpersuasive. First, appellants do not dispute that the operative date for purposes of § 1681s-2(b) is the June 11th notice to Experian, and they do not argue that their contacts directly with Capital One prior to that date were sufficient, standing alone, to invoke the statute.

-4-

Second, we do not think that holding Capital One liable for damages as the result of the denial of appellants' mortgage application would impermissibly turn subsection (b) into a "strict liability scheme." That is, in Ruffin-Thompkins v. Experian Info. Solutions, Inc., 422 F.3d 603 (7th Cir. 2005), the case upon which the magistrate judge relied, the Seventh Circuit granted summary judgment to the defendant because it had not received the statutorily required notice until AFTER the plaintiff had sustained her damages (the denials of credit). As a result, the plaintiff simply could not show a causal relationship between the allegedly erroneous information in her credit report and the damages -- i.e., since the alleged violation of the statute could not have occurred until AFTER the defendant's receipt of notice, such violation could not have caused the prior loss of credit. Id. at 609.

Ruffin-Thomkins, however, is distinguishable. In the case at hand, the harm for which appellants seek damages -- the denial of their mortgage application -- occurred either on June 30, 2009, when Carrie Barrepski spoke with the credit union, or on July 2, 2009, the date that appellants received the letter denying the mortgage. It therefore is clear that, unlike in Ruffin-Thompkins, appellants' June 11th notice PRECEDED their damages, and, although this notice was provided to Experian, not Capital One, we note that Capital One, at least at this early stage in the proceedings, has not asserted that it received notice from Experian after July 2nd.

Thus, holding Capital One liable for damages does NOT impermissibly turn § 1681s-2(b) into a strict liability statute.

Finally, we turn to the the magistrate judge's statement that appellants' failure to have disputed the Capital One debt on Barrepski's credit report was "fatal" to any claim under subsection (b). Although not entirely clear, we assume that the magistrate judge was relying on Capital One's argument that because appellants had never disputed that Barrepski ORIGINALLY had owed Capital One the roughly $540 charged to his credit card, the entry on the Experian credit report was not invalid. The problem is that appellants are NOT contending that Barrepski's credit report is inaccurate because he never owed the money in the first place. Rather, they are arguing that the SETTLEMENT between Capital One and Barrepski -- i.e., the WITH PREJUDICE dismissal of Capital One's earlier action for the collection of the debt -- operated as an adjudication on the merits of Capital One's entitlement to the money and precluded it from continuing to report the $540 in charges as a debt. Capital One does not argue that claims based on settlements such as this are not cognizable under § 1681s-2(b), and, in fact, Ruffin-Thompkins itself involved a similar settlement. See 422 F.3d at 605-06.

Since the reasons for the district court's dismissal do not withstand scrutiny, we look to the allegations in the complaint in order to determine if they are sufficient to state a claim. In

-6-

this regard, appellants alleged (1) that they had given notice to Experian that Capital One had furnished incorrect information, (2) that Capital One, after learning of the error, had refused to correct it, and (3) that appellants had been denied a mortgage as a result of Capital One's violation of the FCRA. Significantly, Capital One has never argued that these allegations were insufficient to provide it with fair notice of appellants' claim. We therefore conclude that the purpose of the Rule 8(a)(2) pleading standard has been satisfied in this case and that appellants have stated a plausible, not merely speculative, claim for relief.

We only add that Capital One's arguments for why the complaint failed to state a claim – (1) that it had 30 days in which to conduct an investigation and (2) that the terms of the settlement itself did not obligate it to void the debt – are not persuasive. That is, it is clear that what Capital One really is arguing is that, for these reasons, it is not liable on the MERITS. However, even if this turns out to be the case, such arguments are more appropriate for summary judgment.

3. As for appellants' state claims, they specifically waived these claims below, and, as a result, such claims are not now before us.

Based on the foregoing, we (1) <u>affirm</u> the order of the district court vacating the entry of default and (2) <u>reverse</u> the

judgment of dismissal and remand for further proceedings.  No costs

are awarded.